JOHN VINGI *vs.* JOSEPH TRILLO.

APRIL 28, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of trespass *vi et armis*. Defendant pleaded the general issue and self-defense. After a jury trial in the superior court a verdict was rendered for the defendant and thereafter a motion for a new trial was denied by the trial justice. The case is here on plaintiff's exceptions thereto and to evidentiary rulings made during the trial.

The evidence discloses that on March 4, 1947 the plaintiff purchased from the defendant a certain parcel of land on Chalkstone avenue in the city of Providence for the sum of $15,500, of which $15,000 was paid at the time of the delivery of the deed. According to the defendant he was unwilling to complete the transaction without payment of the full purchase price, but the plaintiff promised him that the balance of $500 would be paid later in the day after completion of the transaction. Plaintiff failed to keep this promise. The defendant testified that between March

4 and April 29, 1947 he tried four times to collect the balance of $500 but on each occasion the plaintiff failed to pay and promised to do so at a later date.

Defendant further testified that he was advised to meet plaintiff at a certain downtown restaurant on the morning of April 29, 1947. When he did not see him there he looked around and observed plaintiff's truck parked in front of 74 Mathewson street. It appears that on the street floor of the building at this address there was a small hallway with a stairway at the left leading to the second floor. In this hallway there was a trap door designed to permit delivery of vegetables and supplies to the basement of the restaurant. According to the plaintiff this trap door was approximately 35 inches wide and six feet long, and was about five feet distant from the threshold adjoining the sidewalk.

The parties hereto met in this hallway, but their versions as to what happened thereafter are at wide variance. Plaintiff testified that when defendant approached him he, the plaintiff, was carrying vegetables from his truck and placing them in the hallway before dropping them through the trap door to his son, who was in the basement; that while so engaged he discussed the payment of the balance of $500 with the defendant and promised to meet him that afternoon with the money.

Plaintiff further testified that at that time they were face to face in the hallway and so close they could touch each other's hands; that the defendant then said "Can I depend on you this afternoon" and after replying in the affirmative, he, the plaintiff, then turned toward the trap door and "all at once I felt two hands *behind my shoulder* and he pushed me down the hole." (italics ours) Plaintiff claimed that the conversation between him and defendant prior to the alleged assault was "Very friendly, only we were talking loud."

In contrast to plaintiff's story defendant testified that plaintiff was excited and, speaking "pretty loud," told him that he would pay him when he got ready; that while they

were arguing back and forth facing each other the plaintiff became angry, and suddenly picked up a bag of potatoes and told him to "get out" or "he would smash my head"; that he, the defendant, grabbed the bag of potatoes with one hand, breaking the nail on his right finger; that the potatoes fell to the floor; and the plaintiff disappeared through the hole of the trap door. The defendant positively denied that he pushed the plaintiff in the manner described by him.

Other than plaintiff and defendant the only person who claimed to have witnessed the alleged assault was Mrs. Beatrice Taylor, the owner of a window shade business located on the second floor of the building at 74 Mathewson street. In direct examination she testified that as she was about to enter the premises she stopped to speak to her son who was on the sidewalk and that when she walked into the hallway she saw the defendant push the plaintiff, who fell through the trap door. On cross-examination she testified that in protecting himself the defendant's hands came in contact with the plaintiff's body *from in front* and *not from behind,* as the plaintiff claimed.

Plaintiff's second exception, which we will discuss first, is to the ruling of the trial justice refusing to strike out the following question and the answer thereto given by plaintiff on cross-examination: "Q. And didn't you at that time say to Mr. Trillo, 'Joe we were both wrong in this thing, we both lost our heads, and if you'll pay the doctors' bills we'll shake hands on it.' Didn't you say that? A. No, sir." After this question was answered the plaintiff's attorney objected but did not ask for an exception. The court, however, of its own volition granted an exception. Later the plaintiff moved that this question and answer be stricken from the record on the ground that it involved an offer of compromise. This motion was denied and is the basis of the second exception.

The plaintiff had been interrogated in great detail concerning a conversation with the defendant which involved

the subject of the above question, some of his answers containing matter prejudicial to the latter. In view thereof defendant on cross-examination sought to go more fully into that same conversation, contending that as plaintiff had opened up such line of inquiry, he was entitled to go into the conversation fully and was not limited to that part of such conversation which plaintiff had chosen to put in evidence and which he deemed favorable to himself.

We agree with this contention. While an offer of compromise as such is generally not admissible, we are of the opinion that the weight of authority supports the rule that upon cross-examination a witness may be examined as to all matters brought out by the examination in chief, even though irrelevant or immaterial, for the purpose of contradicting him. When part of a conversation, admission or confession has been given in evidence against a party he may, on cross-examination or by evidence from his own witnesses, prove the rest of the same conversation, admission, or confession, so far as it relates to the same transaction. *Flaccus Glass Co.* v. *Gavin,* 39 R. I. 431. In any event we do not consider the above-quoted question and negative answer thereto prejudicial to the plaintiff, especially since the court charged the jury to disregard any testimony involving an offer of compromise. This exception is overruled.

Plaintiff's third exception is to the court's ruling sustaining an objection to the question asked of defendant on cross-examination concerning the extent of his ownership of property. Plaintiff contends that the instant case was one in which he could recover punitive damages and therefore that evidence was admissible regarding the property holdings of defendant and his ability to respond by way of such damages. Upon objection the court excluded that line of inquiry on the ground that it was not in cross-examination of anything testified to by the defendant in chief. Assuming that such testimony was competent if otherwise presented, we are of the opinion that such ruling

did not constitute error, because the question objected to here was clearly not *in cross-examination* of anything testified to by the defendant in his direct examination. *Mohr* v. *Prudential Ins. Co. of America,* 32 R. I. 177, 182. This exception is overruled.

The fourth exception is to the denial of plaintiff's motion which was in effect a request to recall the defendant for further cross-examination. This motion was made after the defendant's case was closed and when the plaintiff was under direct examination in rebuttal. The ground of this exception is that the trial justice erroneously assumed that plaintiff was intending to lay the groundwork to contradict the defendant if he denied making a certain admission. The transcript of testimony does not support plaintiff's assertion that the trial justice erroneously assumed the purpose of this request.

In any event we are of the opinion that in the particular circumstances appearing here the plaintiff's motion to recall the defendant for the purpose of further cross-examination was one clearly addressed to the sound judicial discretion of the court. It is well settled that a decision made in the exercise of discretionary power should not be disturbed unless it clearly appears that such discretion has been improperly exercised or that there has been an abuse thereof. *MacKenzie & Shea* v. *Rhode Island Hospital Trust Co.,* 45 R. I. 407; *Durepo* v. *Watson,* 75 R. I. 51. From our examination of the transcript we are unable to say that the trial justice violated that rule. The plaintiff's fourth exception is overruled.

The remaining exception is to the denial of plaintiff's motion for a new trial. A careful examination of the record discloses that the testimony on the question of liability is decidedly conflicting and wholly irreconcilable. In denying the motion for a new trial, the trial justice stated in substance that the issue was plainly a question of fact for the jury; that the verdict was not against the weight of the credible evidence; that it was much more probable that

the plaintiff's injuries were sustained in the manner claimed by the defendant; and that in his opinion the verdict did substantial justice between the parties.

The fact that, notwithstanding the serious nature of plaintiff's injuries, the jury returned a verdict for the defendant is a clear indication that they believed the testimony of the defendant rather than that of the plaintiff. This verdict was later unqualifiedly approved by the trial justice. In the circumstances we cannot say that his decision on the motion for a new trial was clearly wrong on any ground urged by the plaintiff and therefore under our well-settled rule the plaintiff's exception to such decision is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Fergus J. McOsker*, for plaintiff.

*Gardner, Day & Sawyer, Edward W. Day, Hayden L. Hankins*, for defendant.