Victor L. Pedorella *vs.* Abraham Hoffman *et al.*

NOVEMBER 28, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of assumpsit which was tried to a jury in the superior court and resulted in a verdict for the plaintiff in the sum of $5,500. The case is here on the defendants' exceptions to the denial of their motion for a new trial and to two rulings on the admissibility of certain testimony.

The facts are briefly these. The plaintiff is a tax consultant duly licensed to practice as an agent before the United States Internal Revenue Service. The defendants were formerly the sole officers and stockholders of two corporations engaged in the restaurant business in the city of Newport. On December 31, 1954 the United States levied tax liens against the defendants' real estate on account of the failure of such corporations to pay certain cabaret taxes in the amounts of $33,044.98 and $23,282.30. After defendants had tried to adjust such claims without success they retained plaintiff to seek a satisfactory settlement.

As a result of his efforts the government finally agreed in 1958 to settle both claims for $13,861.15 and thereafter on May 8, 1958 discharged the liens on defendants' real estate. Before the settlement was effected defendants had paid plaintiff two payments totaling $500 and an additional one of $500. On January 2, 1958 plaintiff sent them a bill for his services in the sum of $6,000, which he later corrected by crediting defendants with the additional $500 paid on account. At that time defendants did not question the amount of the bill, but after the liens had been discharged defendant Abraham Hoffman, hereinafter referred

to as Hoffman, objected to the bill when plaintiff asked him for payment, characterizing it as a "crazy bill" and claiming that the $1,000 which defendants had paid was payment in full for plaintiff's services.

The evidence adduced at the trial disclosed that the case revolved around the determination of two issues, first, did plaintiff agree to render his services for $1,000 or for the reasonable value thereof, and secondly, if for the latter, was the sum of $6,500 reasonable considering the work done and the results accomplished. On the first issue it became largely a question of the credibility of plaintiff and defendant Hoffman as to what was the understanding between them. And in this connection plaintiff sought to impeach Hoffman's credibility by asking him a certain question which the trial justice required Hoffman to answer over his objection. This objection is the subject of defendants' first exception.

The question, to which Hoffman answered "Yes," reads as follows:

"Mr. Hoffman, I ask you whether or not you are the same Abraham Hoffman who on May 28, 1946, were indicted in the United States District Court for the District of Rhode Island, Indictment #6033, on a charge containing two counts; one count for obstructing and hindering inspectors of the Alcohol Tax Unit and the other count, the second count, for an attempt to rescue seized packages, and in which proceeding, on October 30, 1946, the following entry was made on the record, and I quote from the record: 'Indictment dismissed as to William Teixeira on motion of Assistant United States Attorney Joseph Breen. Defendant Hoffman retracts former plea and pleads guilty. Sentence: Defendant Hoffman ordered placed on probation for period of 30 days on Count 1. Count 2 dismissed, on motion of Assistant United States Attorney Joseph Breen. Bail discharged.'"

The defendants based their objection on two grounds, first, that the record did not disclose a conviction within

the meaning of that term as used in the statute because the plea of guilty was not followed by a sentence and, secondly, because the offense was too remote.

The trial justice, saying that he had given "some thought to this matter," overruled the objection. As to the first ground of the objection defendants contend that under federal law the record referred to in the question did not show a conviction since no sentence was imposed. In support of such contention they cite 18 U.S.C.A. §3651, which reads as follows:

"Suspension of sentence and probation

"Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States, except in the District of Columbia, when satisfied that the ends of justice and the best interest of. the public as well as the defendant will be served thereby, may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best."

There is no merit in this contention. In this state under general laws 1956, §9-17-15, a person convicted of crime may testify "like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility." This court has heretofore construed such provision to mean a conviction according to the law of the jurisdiction where the offense was committed. *Solomon* v. *Shepard Co.*, 61 R. I. 332. Therefore, whether defendant Hoffman had been convicted would be governed by 18 U.S.C.A. §3651, since he was placed on probation by the United States District Court for the commission of an offense against the United States. By virtue of that section a defendant may be placed on probation after entry of a judgment of conviction and it is not necessary that sentence be imposed since the section expressly provides that such imposition may be suspended. It is clear from the recital of the record in the question propounded to Hoffman that

the federal court adjudged him guilty upon his plea of guilty and thereupon in effect sentenced him to a period of probation for thirty days. According to federal authorities this was a judgment of conviction.

In *Kercheval* v. *United States,* 274 U. S. 220, the supreme court stated that a plea of guilty is itself a conviction. The Court of Appeals for the Fifth Circuit has expressly held that probation "involves a judgment of conviction, even when the imposition of sentence is suspended, because probation can only be visited on a convict, and is itself a form of mild punishment." *Nix* v. *United States,* 131 F.2d 857, 858. In support of such view that court cited their own prior case of *Cooper* v. *United States,* 91 F.2d 195, 199, in which they had described probation as a mode of ambulatory punishment intended as a reforming discipline. "The probationer," the court said, "is not a free man, but is subject to surveillance, and to such restrictions as the court may impose."

The only federal case cited by defendants is *Thomas* v. *United States,* 121 F.2d 905. We have examined that case and find no support therein for defendants' contention. The question addressed to the witness there was whether she "had been arrested and tried for larceny * * *." In holding that this was not a proper question for the purpose of impeachment the court, at page 907, made it clear why this was so by the following explicit statement: "Accordingly, a witness may not be asked if he has been indicted for a crime, or even if he has been tried and convicted, *if the conviction was later set aside and a new trial granted.* It follows that the question asked, *pertaining to arrest and trial and not to conviction,* was clearly improper in any event, and therefore was correctly refused." (italics ours)

That question was obviously different from the question which the witness Hoffman was required to answer in the case at bar. Here the only problem is whether the imposition of probation in the absence of sentence prevents the

court's disposition from being considered as a final judgment of conviction. In view of the above-cited federal cases there can be no question but that it was such a conviction. Incidentally there is, aside from such cases, respectable authority elsewhere for precisely the same conclusion. In *Commonwealth* v. *Palarino*, 168 Pa. Super. 152, at page 157, it was expressly held "that a probation order is a judgment of conviction, finally and conclusively adjudicating the defendant's guilt, and that such a record is admissible to impeach his credibility."

For the foregoing reason the trial justice did not err in rejecting the first ground of defendants' objection. As to the second ground, namely, the alleged remoteness of the offense, there is no hard and fast rule in this state which requires the trial justice to sustain an objection on that score. Certainly G. L. 1956, §9-17-15, does not provide any basis for such an objection. In some jurisdictions, for example in Texas, it has been held that a conviction fourteen years before the trial was too remote and that it should usually be no more than eight or ten years. *Bunch* v. *Texas Employers' Ins. Ass'n*, Tex. Civ. App., 209 S.W.2d 657. However, in Missouri where the rule is also observed it has been held that even nineteen years was not too remote where the witness admitted that in the interim he had been more recently running gambling places. *Collins* v. *Leahy*, Mo. App., 102 S.W.2d 801.

We think the better rule is to leave this matter to the sound discretion of the trial justice subject to be reviewed by this court only for abuse of such discretion. In the present instance, after considering the nature of the offense against the United States for which Hoffman was convicted and his subsequent delinquency in observing his obligations under the federal revenue laws, we do not think the trial justice abused his discretion in rejecting the second ground of defendants' objection. Their first exception is therefore overruled.

We need not discuss defendants' second exception since they have neither briefed nor argued it. In such circumstances under our well-established rule it is deemed to be waived. *Evangelista* v. *De Cubellis, Inc.*, 79 R. I. 142.

The defendants' third and fourth exceptions relate to the denial of their motion for a new trial. Such motion was based on the usual grounds that the verdict was against the law and the evidence and the weight thereof, and that the damages are grossly excessive. It was also alleged that the verdict was the result of passion and prejudice engendered by the admission of the evidence of defendant Hoffman's previous conviction. The trial justice rejected all of those grounds and expressed the opinion that the verdict was responsive to the merits of the controversy between the parties. He therefore denied the motion.

From our consideration of the record we cannot say he was clearly wrong. The weight of the evidence on the question of damages in our opinion preponderated in favor of the plaintiff. On the issue of the reasonable value of his services his own testimony was corroborated by an independent, disinterested expert in tax matters before the Internal Revenue Service who testified that a fee of $6,500 for the services which the plaintiff performed and the results thereby accomplished was not unreasonable. The defendants presented no expert testimony to the contrary. Except for the interested opinion of the defendant Hoffman the evidence in support of the reasonableness of the fee was therefore uncontradicted. In so far as the issue of whether the plaintiff had agreed to render such services for $1,000 is concerned, the resolution of it rested with the jury as to whom they believed, Hoffman or the plaintiff, and they chose to believe the latter. The trial justice agreed with them, and in our opinion not without good reason. The defendants' third and fourth exceptions are therefore overruled.

All of the defendants' exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo,* for plaintiff.

*Albert L. Greenberg, John C. Burke,* for defendants.