316 A.2d 498.

STATE *vs.* CLARENCE E. SPIVEY.

MARCH 18, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. The principal issue in this case is whether the trial justice abused his discretion in denying the defendant's motion to recall a witness for the purpose of cross-examination. For the reasons that follow we hold that he did not.

In May 1970, two indictments were returned against defendant for robbery. Both were later amended to larceny from the person. In May 1970, he pleaded nolo contendere to each. On Indictment No. 70-446 he received a three-year suspended sentence and was placed on probation for five years. On Indictment No. 70-447 he received a deferred sentence.

On January 25, 1972, defendant was brought before the Superior Court as an alleged violator of the conditions of probation on the grounds that he had raped a young lady in Providence on January 15, 1972. At this hearing, Eugene F. Toro, an assistant public defender, who was handling emergency matters before the court, was assigned to represent defendant. Prior to the taking of any testimony, Mr. Toro informed the trial justice that he had had only eight minutes that morning to confer with defendant and that he was familiar with neither the facts nor defendant. The trial justice then said from the bench that defendant should not be forced to a hearing unless his lawyer has had ample opportunity to prepare his case and that a lawyer is entitled to prepare his case. The prosecuting attorney agreed with the trial justice's statement and suggested that the court hear the testimony of the state's medical witness and then grant defendant whatever time was needed to prepare his defense. After Mr. Toro said he had no objection to taking the testimony of the medical witness, the trial justice granted a continuance until February 10, 1972, except for the testimony of the medical witness.

Doctor Nabil Y. Khoury, the state's medical witness, then testified. His testimony related only to the physical condition of the young lady shortly after the alleged rape. At the conclusion of the doctor's testimony, Mr. Toro informed the trial justice that he had no cross-examination. The hearing then concluded and was continued to February 10, 1972, at which time it was further continued to March 3, 1972.

On March 3, 1972, the hearing resumed with defendant now being represented by William F. Reilly, the Public Defender. He asked that he be allowed to recall Dr. Khoury for the purpose of cross-examination. In denying defendant's motion the trial justice referred to the January 25, 1972 hearing and particularly to Mr. Toro's statement that he had no cross-examination. Then, in addressing Mr. Reilly, the trial justice said:

> "Of course, he's one of your really better trial men and I think when he said, 'No cross-examination.', he was satisfied that there was no reason to cross-examine the doctor, so I'm not going to require the doctor to be brought back again now for cross-examination by you, Mr. Reilly. If, during these proceedings, it should appear that a meaningful cross-examination could be conducted, then, of course, I'll consider hearing you further on it, but your motion is denied now as to that."

The defendant's exception was noted and further testimony was heard. The matter was concluded on March 14, 1972, and defendant was adjudged to be a violator of the conditions of his probation. He was ordered to serve the three-year suspended sentence and was sentenced to a term of ten years on the indictment on which sentence was previously deferred, the latter term to begin at the expiration of the three-year term.

Initially, we address ourselves to the January 25, 1972 hearing. The defendant argues that his constitutional right to confront a witness against him was violated; that no at-

torney should be required to respond to testimony via cross-examination after only eight minutes of preparation; and that no attorney should be forced to react to testimony until he has had sufficient opportunity to familiarize himself with all the facts of the case. After reading the transcript of the January 25, 1972 hearing, we are satisfied that defendant's counsel was not forced to do any of the things he now complains of.

A reading of the transcript of that hearing leads to only one conclusion, namely, that defendant's counsel knowingly and intelligently waived cross-examination of the state's medical witness because there was no reason to examine him. Since the doctor's testimony neither directly nor indirectly referred to defendant as being the rapist, counsel's abstaining from cross-examining him is understandable. His action was "* * * an intentional relinquishment or abandonment of a known right or privilege." *Johnson* v. *Zerbst,* 304 U. S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938).

The defendant next urges that Mr. Toro raised no objection to the doctor's testimony and refrained from cross-examining him because he had in mind the reasonable expectation that the trial justice would allow the defense to recall the doctor at subsequent proceedings when the defense would be prepared to cross-examine. This argument is mere speculation with nothing in the record to support it, and therefore requires no further discussion.

This brings us to the principal issue in question—did the trial justice, in the circumstances present in this case, abuse his discretion in denying defendant's request to recall Dr. Khoury for the purpose of cross-examination? A motion to recall a witness for the purpose of cross-examination is addressed to the sound discretion of the court and a decision made in the exercise of such discretionary power will not be disturbed unless it clearly appears that such discretion has

been improperly exercised or that there has been an abuse thereof. *Vingi* v. *Trillo*, 77 R. I. 55, 60, 73 A.2d 43, 45 (1950).

In support of his motion to recall the doctor, defendant's counsel stated that he felt it was "important" that he have the opportunity to cross-examine the doctor "as to some of the testimony that he testified to on [January 25, 1972]."

It is apparent that in denying the defendant's request at that time, the trial justice took into consideration the nature of Dr. Khoury's testimony, the length of time during which Mr. Toro conferred with the defendant, and the fact that Mr. Toro, whom he referred to as one of the better trial men in the Public Defender's department, could have cross-examined the witness effectively if he thought it would have aided the defendant. As we have stated above, the trial justice concluded that Mr. Toro refrained from cross-examining the doctor because there was no reason to do so, and not because he was unprepared because of lack of time. Finally, in denying the defendant's request, the trial justice stated that if during the hearing it should appear that a meaningful cross-examination could be conducted, he would consider hearing the defendant further on the motion to recall Dr. Khoury. There is nothing in the record indicating that the defendant made any further request to recall Dr. Khoury. On this record the defendant has failed to establish that the trial justice's action was an abuse of discretion.

The defendant's exception is overruled, and the case is remitted to the Superior Court for further proceedings.

Mr. Chief Justice Roberts did not participate.

*Richard J. Israel,* Attorney General. *Donald P. Ryan,* Asst. Attorney General, *R. Raymond Greco,* Special Asst. Attorney General, for plaintiff.

*William F. Reilly,* Public Defender, *Allegra E. Munson,* Asst. Public Defender, for defendant.