STATE

v.

John L. WALLACE.

No. 80–105–C.A.

Supreme Court of Rhode Island.

April 28, 1981.

Dennis J. Roberts, II, Atty. Gen., Melanie W. Spencer, Sp. Asst. Atty. Gen., for plaintiff.

Raymond R. Pezza, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from judgments of conviction in the Superior Court pursuant to a multi-count indictment that included two counts of raping his stepdaughter, one count of indecently assaulting her, and two counts of committing upon her abominable and detestable crimes against nature, all at various dates between December 1976 and March 1978. At the time of the incidents underlying these convictions, the victim was between ten and eleven years of age; at the time of the trial she was twelve years old. In light of the points raised by the defendant on appeal, no useful purpose would be served by setting forth the shocking and sordid facts that were disclosed in the trial of the case. The defendant raises three issues on appeal, and we shall deal with these issues individually, furnishing such facts as may be needed in their resolution.

After defendant had testified on his own behalf, he was cross-examined by counsel for the state. Upon the conclusion of his direct and cross-examination, defendant rested his case and the court adjourned for the day. The following morning counsel for the state requested permission to reopen cross-examination of defendant for the limited purpose of impeaching his credibility through examining him about prior criminal convictions.[1] The court permitted the state to recall defendant for this purpose and allowed him to be questioned concerning his prior record.

---

1. The reason given for this request was that the attorney for the state had simply forgotten to cover this subject during cross-examination.

The defendant argues that this reopening of cross-examination was tantamount to the state's calling defendant as its own witness in violation of his privilege against self-incrimination as guaranteed by the Fifth Amendment to the Constitution of the United States and by article I, section 13 of the Constitution of Rhode Island. We believe that defendant misconceives the basic nature of the court's granting permission to reopen cross-examination in this case.

■ It has long been settled that when an accused voluntarily chooses to testify in his own behalf, the prosecution has the right to cross-examine him in respect to such testimony with the same latitude as would be exercised in the case of an ordinary witness regarding the circumstances connecting him with the alleged crime. *Fitzpatrick v. United States*, 178 U.S. 304, 315, 20 S.Ct. 944, 948, 44 L.Ed. 1078, 1083 (1900). In Rhode Island such cross-examination may include the impeachment of credibility of the defendant by a showing of "conviction or sentence for any crime or misdemeanor." General Laws 1956 (1969 Reenactment) § 9–17–15. *See State v. Pope*, R.I., 414 A.2d 781 (1980); *State v. Bennett*, R.I., 405 A.2d 1181 (1979); *State v. Lombardi*, 113 R.I. 206, 319 A.2d 346 (1974). The defendant does not contend that he was not subject to cross-examination, including appropriate impeachment, but contends that when the cross-examination had ceased, a reopening of such cross-examination was tantamount to calling defendant as the state's witness. With this contention we disagree.

We have repeatedly held that a motion to recall a witness for the purpose of cross-examination or further cross-examination is directed to the sound discretion of the trial justice and that his or her action in granting or denying such motion will not be disturbed except for abuse of such discretion. *State v. LaPlume*, 118 R.I. 670, 681, 375 A.2d 938, 943 (1977); *State v. Spivey*, 113 R.I. 1, 4–5, 316 A.2d 498, 501 (1974); *Vingi v. Trillo*, 77 R.I. 55, 60, 73 A.2d 43, 45 (1950). Allowing a defendant or the state to recall a witness for either direct or cross-examination prior to the conclusion of the case would seem under appropriate circumstances, to be an aid in the ascertainment of truth and not violative of the rights of either the state or the defendant so long as the subject matter would have been admissible in the first instance. In this case the trial justice did not abuse her discretion in allowing the state to reopen for the limited purpose of impeachment.

■ The defendant also contends that the three criminal convictions used to impeach his credibility should have been excluded by reason of their remoteness in time from the date of the trial. When this case was tried in 1979, three convictions were used to impeach the credibility of defendant. One conviction was for breaking and entering wherein judgment had been rendered in 1967. The second conviction was for assault wherein judgment had been rendered in 1971. The third conviction was for larceny wherein judgment had been rendered in 1973.

We recently stated in *State v. Pope*, R.I., 414 A.2d 781 (1980):

"In this jurisdiction, remoteness is the sole crucial factor to be considered by a trial court when an effort is made to impeach a witness's credibility by evidence of his prior involvement with the law. *State v. O'Brien*, 412 A.2d 231 (R.I. 1980); *State v. Bennett*, R.I., 405 A.2d 1181 (1979); *State v. Lombardi*, 113 R.I. 206, 319 A.2d 346 (1974). Remoteness is not, however, measured solely by the passage of time, since a trial court, in the exercise of its discretion, can take into account convictions intervening between the past conviction and the crime for which the defendant is being tried. The factfinder has a right to consider whether one who repeatedly refuses to comply with the law is more likely to ignore the obligation of truthfulness than a law-abiding citizen." R.I., 414 A.2d at 784.

In *Pope* one of the prior convictions had occurred nineteen years before the trial and yet under the circumstances of that case it was held not to be error to have allowed that conviction to be used to impeach the

defendant's credibility. *Id.*, 414 A.2d at 784–85.

Our holding in *Pope* was consistent with our statement of principle in *Pedorella v. Hoffman*, 91 R.I. 487, 165 A.2d 721 (1960), wherein we observed that there is no hard and fast rule requiring the trial justice to sustain a remoteness objection to the introduction of a prior conviction for impeachment purposes. *Id.* at 492, 165 A.2d at 724. We further observed that "the better rule is to leave this matter to the sound discretion of the trial justice subject to be reviewed by this court only for abuse of such discretion." *Id.* In the case at bar, we find no abuse of discretion in the trial justice's allowing the use of the three convictions to impeach defendant's credibility.

 Finally, defendant contends that the trial justice improperly excluded a number of questions which he sought to pose in cross-examination of the victim who was the state's complaining witness. These questions all related to allegedly prior inconsistent statements that were made by the victim at a bail hearing which had been conducted prior to trial. In respect to each prior statement sought to be used in cross-examination by defendant, the trial justice analyzed the statement in order to determine whether there was a material variance or inconsistency between the prior statement and testimony given in the course of the trial. In each instance the trial justice determined that there was no inconsistency or that the inconsistency was not material. In performing this function, the trial justice was acting consistently with our holding in *State v. Earley*, 118 R.I. 205, 373 A.2d 162 (1977).[2] In *Dixon v. Royal Cab, Inc.*, R.I., 396 A.2d 930, 933 (1979), we stated that although generally prior inconsistent statements of a witness are admissible for the purpose of impeaching that witness's credibility, *State v. Vaccaro*, 111 R.I. 59, 64, 298 A.2d 788, 791 (1973); *State v. Brown*, 96 R.I. 236, 240, 190 A.2d 725, 727 (1963), as a

preliminary matter the court must be persuaded that the statements are indeed inconsistent. *United States v. Hale*, 422 U.S. 171, 176, 95 S.Ct. 2133, 2136, 45 L.Ed.2d 99, 104 (1975). It is, of course, axiomatic that the term "inconsistent" relates to matters that are material to the issues in the case. *See Attorney-General v. Hitchcock*, 1 Exch. 91, 99 (1847); 3A Wigmore, *Evidence*, §§ 1007, 1020 (Chadbourn rev. 1970). As is generally true in determining the scope and extent of cross-examination, the inclusion and exclusion of proposed questions on the ground of relevance or materiality is a matter within the sound discretion of the trial justice and may be reviewed only for an abuse thereof. *Dixon v. Royal Cab, Inc., supra; Pansey v. Pansey*, 115 R.I. 97, 102, 340 A.2d 120, 124 (1975); *Calci v. Brown*, 95 R.I. 216, 220, 186 A.2d 234, 236–37 (1962).

In the case at bar we have examined the proposed questions in the light of the factual issues that were raised at the trial, and while arguments might well be made regarding the inconsistency and materiality of certain of the prior statements, we cannot say that the exclusion of the questions relied upon constituted an abuse of discretion.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgments of conviction are affirmed, and the papers in the case may be remitted to the Superior Court.

SHEA, J., did not participate.

---

**2.** In *State v. Earley*, 118 R.I. 205, 373 A.2d 162 (1977), we observed:

"When a purported inconsistent statement by a witness is offered, the trial court must

determine whether such statement is in fact inconsistent with the witness' testimony." *Id.* at 213, 373 A.2d at 166.