STATE

v.

Albert YOUNG.

No. 80–292–C.A.

Supreme Court of Rhode Island.

Feb. 11, 1983.

Dennis J. Roberts II, Atty. Gen., Providence, Sharon O'Keefe, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Paula Rosin, Asst. Public Defender, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Albert Young, appeals his conviction in the Superior Court of robbery, carrying a pistol without a license, and assault with intent to murder.[1] The defendant raises two issues on appeal: (1) whether the trial justice erred in refusing to permit the defendant to recall a witness and (2) whether the trial justice erred when he

---

1. The defendant was also charged by indictment with assault with a dangerous weapon (count III). The trial justice dismissed this charge as a lesser included offense in assault with intent to murder (count IV).

refused to allow the defendant to introduce evidence of an eyewitness's prior plea of nolo contendere followed by a disposition of probation for purposes of impeaching her credibility. We find that the trial justice committed no reversible error. Accordingly, we affirm the judgments of conviction below.

Certain facts are undisputed. On August 6, 1979, at approximately 2:30 p.m., two men entered the E-Mart Variety Store at 253 Elmwood Avenue in Providence. One of them pointed a gun at two female clerks standing behind the cash register and demanded money. At that moment, one of the clerks had been bending down. As she stood up, the man holding the gun shot her in the abdomen. The other clerk then emptied the money from the cash register into a paper bag and handed it to the men who fled from the scene.

The principal issue at trial was whether or not defendant was the man with the gun. The state presented three eyewitnesses to the robbery. The two clerks, Donna Locker and Marianne Stewart, were unable positively to identify defendant as the man who had shot Donna Locker in the stomach.

The manager of the store, Virginia Ralph, was present at the robbery, but was in the back of the store hidden from the men. She testified that defendant had come into the store at approximately 12:30 p.m. on the day of the robbery, had uttered an obscenity, and had pushed her when she asked if she could help him. She identified defendant both as the man who had been in the store earlier and as the man who had shot Donna Locker during the robbery.

A second positive identification was made by Robert Green, who testified that he lived near the E-Mart store that was robbed. He stated that on the afternoon of the robbery, at approximately 2:30, while he was sitting in his yard, a man jumped over the fence surrounding the yard. The man ran by carrying a paper bag and passed within three feet of him. Mr. Green identified defendant as the man he encountered that afternoon.

The defendant presented two witnesses who testified that they were positive defendant was not the gunman who had shot Donna Locker. Barry Colbert was also an eyewitness to the robbery. He testified that he was in the back of the store with Virginia Ralph when the robbery took place and that he got a good view of the gunman. He stated at trial that defendant was not that man.

Anthony Washington testified that he was in the E-Mart store talking to Virginia Ralph at approximately 12:30 p.m. on the day of the robbery. He stated that at that time he saw the individual who uttered an obscenity and pushed Virginia. He testified that he was positive defendant was not that man.

The defendant first contends that the trial justice erred in refusing to permit him to recall defense witness Anthony Washington in order to allow him to explain his poor appearance and demeanor during his earlier testimony. On the day following Washington's testimony defendant's attorney attempted to introduce testimony either through another witness or by recalling Mr. Washington to show that prior to his appearance in court, Washington had worked the night shift at a factory and then had gone directly to school the next morning. Thus, he had no opportunity to sleep before testifying at trial. In defendant's view, Washington's testimony was crucial, and information concerning his condition while testifying was highly material to his credibility.

It is well settled that a request to recall a witness is within the sound discretion of the trial justice. A decision made in the exercise of such discretionary power will not be disturbed unless it clearly appears that it has been improperly exercised or that there has been an abuse thereof. *State v. Wallace,* R.I., 428 A.2d 1070, 1072 (1981); *State v. LaPlume,* 118 R.I. 670, 681, 375 A.2d 938, 943 (1977); *State v. Spivey,* 113 R.I. 1, 4–5, 316 A.2d 498, 500–01 (1974); *Vingi v. Trillo,* 77 R.I. 55, 60, 73 A.2d 43, 45

(1950). We have applied this rule when a party has requested the recall of a witness for purposes of further cross-examination. *Vingi v. Trillo,* and *State v. Spivey,* both *supra.* We find it equally applicable in the case in which a party seeks to recall his or her witness for further direct examination or explanation of prior testimony. *See State v. Wallace, supra.*

■ In the instant case, Mr. Washington's demeanor and appearance—which defendant contends were poor and required explanation—are matters particularly within the province of the trial justice. The cold record does not enable an appellate court to evaluate how the witness's demeanor may have affected his credibility. *See State v. Bourdeau,* R.I., 448 A.2d 1247, 1249 (1982); *State v. Studman,* R.I., 402 A.2d 1185, 1187 (1979). The trial justice is in a better position to make such an evaluation.

■ We find that the trial justice did not abuse his discretion in denying defendant's request to recall Mr. Washington. The defendant had ample opportunity to elicit testimony regarding Mr. Washington's physical condition the first time he testified. Furthermore, the information sought to be presented upon recall of this witness would not affect the substance of his previous testimony. It would allegedly only affect his credibility, which the trial justice was in a position to assess. This court will not substitute its judgment for that of the trial justice absent a clear showing of abuse of discretion.

■ The defendant's second contention is that the trial justice erred when he ruled that defendant could not introduce evidence of Virginia Ralph's prior plea of nolo con-

tendere followed by a disposition of probation, in an unrelated proceeding, for the purpose of impeaching her credibility.[2] The defendant argues that he should have been allowed to introduce this evidence pursuant to the provisions of G.L.1956 (1969 Reenactment) § 9–17–15[3] and by virtue of this court's ruling in *State v. Gobern,* R.I., 423 A.2d 1177 (1981).

Unfortunately, defendant's reliance on *State v. Gobern,* is misplaced. This court has recently made it abundantly clear in *Korsak v. Prudential Property & Casualty Insurance Co.,* R.I., 441 A.2d 832 (1982), that although a nolo plea followed by a sentence (fine or imprisonment, whether or not suspended) constitutes a conviction that may be used to impeach credibility, a nolo plea followed by *probation* or a deferred sentence "may *not* be considered as a conviction for impeachment purposes." (Emphasis added.) *Id.* 441 A.2d at 835.

Even in *Gobern,* this court did not depart from the principle that a nolo plea is equivalent to a plea of guilty only for purposes of the proceeding in which it was entered. *State v. Gobern,* 423 A.2d at 1179. *See Doughty v. De Amoreel,* 22 R.I. 158, 46 A. 838 (1900). Thus, it has long been the rule in Rhode Island, beginning with *State v. Conway,* 20 R.I. 270, 38 A. 656 (1897), that a plea of nolo contendere followed by probation is not a conviction under § 9–17–15 for purposes of impeaching a witness in an unrelated proceeding.

Accordingly, we hold that the trial justice properly excluded evidence of Virginia Ralph's nolo plea followed by a disposition of probation in another proceeding.

For the reasons stated, the defendant's appeal is denied and dismissed, the judg-

---

**2.** Before trial, on January 18, 1980, defendant filed a motion *in limine* requesting that he be allowed to introduce evidence of Virginia Ralph's plea of nolo contendere followed by a disposition of probation. Ms. Ralph pleaded nolo contendere on September 26, 1979 to two counts of giving false information to a prison official on July 29, 1977. The trial justice denied defendant's motion.

**3.** General Laws 1956 (1969 Reenactment) § 9–17–15 provides that

"[n]o person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor; but shall be admitted to testify like any other witness, except that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

ments of conviction are affirmed, and the papers in the case may be remanded to the Superior Court.