Robert J. MAILLOUX

v.

Jeannette D. MAILLOUX.

80–485–Appeal.

Supreme Court of Rhode Island.

July 28, 1983.

Leonard A. Kamaras, Providence, for plaintiff.

John F. McBurney, Pawtucket, for defendant.

## OPINION

KELLEHER, Justice.

The parties were formerly husband and wife. The husband is before us on his appeal from a March 16, 1979 decree of the Family Court in which the trial justice, after hearing evidence over an extended period, denied the husband's petition for an absolute divorce, granted the wife's petition, and made a number of ancillary orders relating to a variety of matters, including the award of alimony, the continuance of real-estate mortgage payments, and the partition of the couple's real estate.

The husband's appeal relates to two issues. He faults the trial justice for permit-

ting the wife's attorney to recall to the witness stand the husband's sister and for permitting the couple's son, a member of the Massachusetts bar, to be seated at counsel table alongside his mother's counsel and to be present at in-chambers conferences. The real point of contention at the trial involved the ownership of a business located on Mendon Road in Woonsocket and known as Holley Mineral Spring Water Company. This company was once owned by the husband's father, the late J.C. Mailloux.

On February 22, 1979, Priscilla Reynolds, the husband's sister who appeared as a witness for her sister-in-law, was asked whether J.C. Mailloux ever discussed with her the water company and whom he wished to "leave it to." In response, the witness said that he had expressed the wish that the water company "would go to my brother Bob with the assistance of his wife because she would take care of the books." There was some suggestion in cross-examination that the witness's mother and father might have sold the business in the early sixties for a dollar to her brother Robert, the husband here.

Four days later, on February 26, 1979, the wife's attorney asked permission to recall Priscilla to the stand, pointing out that Priscilla had come across certain records that she had been unable to find at the time of her prior court appearance. In her second appearance on the witness stand, Priscilla told the trial justice that when the business was transferred to the husband and his wife in April 1965, she had set up a bookkeeping system so that Jeannette would take care of the bookkeeping and Robert would do "the hard work." The witness also explained to the trial justice that her parents had told her that they considered Jeannette a daughter, not a daughter-in-law, and the parents believed that her brother could not operate the business[1] without the "strength" of Jeannette.

■ A trial justice has broad discretion concerning whether a witness may be recalled to the stand after testifying, and an appellate court will review the determination only for the abuse of discretion. *State v. Wallace,* R.I., 428 A.2d 1070, 1072 (1981); *State v. LaPlume,* 118 R.I. 670, 681, 375 A.2d 938, 943 (1977); *State v. Spivey,* 113 R.I. 1, 4–5, 316 A.2d 498, 501 (1974); *Vingi v. Trillo,* 77 R.I. 55, 60, 73 A.2d 43, 45 (1950). We have neither seen nor heard any reason that would warrant our coming to the conclusion that the trial justice abused his discretion when he permitted Priscilla to return to the witness stand.

We shall now turn to the husband's objection to the son's involvement as counsel at the Family Court trial.

■ The transcript presented to us by the husband's attorney consisted of 1,420 pages. Nowhere in his eight-page brief does the attorney refer us to some place in the transcript where he made known to the trial justice the objection that he is presently arguing before us. Our Rule 16(a)(2) requires that the appealing party, in claiming error, give a page citation indicating the place in the record where such error can be found. We are not about to do what the husband's attorney should have done. The wife's attorney said that the issue was not raised before the trial justice, and we shall rely on our well-established principle that issues not raised at the trial level will not be considered for the first time on appeal in this court. *Russell v. Kalian,* R.I., 414 A.2d 462 (1980); *Wickes v. Kofman,* 121 R.I. 698, 402 A.2d 591 (1979).

The plaintiff's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Family Court.

---

1. Parenthetically, it should be noted that the trial justice ruled that the husband and wife were partners in the spring-water business. As support for this conclusion, he pointed out that all the properties held by the litigants, including their home, certain businesses, and the water business, were in their joint names.