Eddie DORDAIN

v.

George A. VOSE, Jr.

No. 94–362–M.P.

Supreme Court of Rhode Island.

March 20, 1995.

Eddie Dordain pro se.

Jeffrey Pine, Atty. Gen., Michael R. Egan, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on February 21, 1995, pursuant to an order placing this petition on the show-cause calendar of that date. This case involves the petition of Eddie Dordain (Dordain), who is pro se, for a writ of certiorari to review the denial of his application for postconviction relief in the Superior Court. Dordain is currently at the Adult Correctional Institutions serving a sentence of thirty years on convictions of assault with a dangerous weapon and assault with intent to murder. His appeal to this court was denied in *State v. Dordain,* 566 A.2d 942 (R.I.1989), and his motion to reduce sentence was denied in May 1990.

Dordain petitioned for postconviction relief in Superior Court and moved to recuse the trial justice from hearing the matter. The trial justice ultimately heard the application, however, and rendered a written decision denying relief. At that time Dordain was acting pro se, and his appeal from that denial failed to be recorded in the Superior Court docket sheet. He subsequently filed a petition for habeas corpus with this court on December 20, 1993, setting forth allegations of ineffective assistance on the part of his trial counsel, allegations of prosecutorial misconduct on the part of the state, and allegations of misconduct on the part of the trial justice in connection with the criminal trial and the postconviction proceeding. On March 17, 1994, that petition was denied.

We granted Dordain's pro se petition for certiorari in order to review his allegations regarding the denial of postconviction relief since the appeal that he had attempted to file had failed to be recorded. The petition for certiorari repeats each allegation of attorney, prosecutorial, and judicial misconduct that were the subject of his petition for a writ of habeas corpus.

In his decision the trial justice discussed the alleged failure of Dordain's counsel to

present before the jury the alleged criminal record of one of Dordain's victims. The trial justice found that there was no such record, because the victim had never pleaded to or been convicted of any of the charges Dordain alleged.

In addition, Dordain contends that his counsel failed to impeach a witness for the prosecution who, in the past, had been placed on probation for welfare fraud. Rule 609 of the Rhode Island Rules of Evidence provides that evidence that a witness who has been convicted of a crime shall be admitted to attack the credibility of a witness. For the purposes of Rule 609, "conviction of a crime" includes pleas of nolo contendere followed by a sentence. However, this court has stated that a plea of nolo contendere followed by *probation* is not a conviction for purposes of impeaching a witness in an unrelated proceeding. *State v. Young*, 456 A.2d 739, 741 (R.I.1983). The record indicates that one witness had pleaded nolo contendere to welfare fraud in December of 1979 and had been given probation. Since the witness that defendant sought to impeach had been given *probation* after pleading nolo contendere, the trial justice was correct in disallowing this evidence as improper for Rule 609 purposes. Furthermore, Rule 609(b) allows a trial justice discretion to use, for impeachment purposes, convictions that occurred more than ten years prior to the witness's testimony. That discretion is rarely exercised, and the trial justice, after discussion with defense counsel and the prosecution, properly declined to do so in the case at bar.

The trial justice stated that the standard for relief for ineffective assistance of counsel was set forth in *State v. Brennan*, 627 A.2d 842 (R.I.1993), a case in which we adopted the test promulgated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *Brennan* we held:

"[f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." 627 A.2d at 845 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693).

We further stated that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Tarvis v. Moran*, 551 A.2d 699, 700 (R.I.1988) (quoting *Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93). We are satisfied that counsel for Dordain acted reasonably under the circumstances and provided effective assistance.

Finally, the trial justice flatly denied that any relationship ever existed between himself and one of the victims that would have justified recusal. Dordain did not offer any evidence on that point, and consequently he failed to support that allegation.

Our review of the record confirms that the trial justice correctly found that Dordain had failed to prove ineffective assistance of counsel and either judicial or prosecutorial misconduct. Consequently Dordain's application for postconviction relief was properly denied.

For these reasons the petition for certiorari is denied, the writ previously issued is quashed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court with our decision endorsed thereon.