STATE

v.

Michael R. HAWKINS.

No. 97–609–C.A.

Supreme Court of Rhode Island.

Feb. 11, 2000.

Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

BOURCIER, Justice.

On July 9, 1997, following a jury trial, judgments of conviction on five counts of first-degree child sexual molestation and two counts of second-degree child sexual molestation were entered in the Newport County Superior Court against the defendant, Michael R. Hawkins. From those judgments he appeals. We reject his appeal and affirm the judgments of conviction for the reasons hereinafter set out.

### Case Facts

The defendant was charged by indictment with having committed various acts constituting first-degree and second-degree child sexual molestation upon one of his two former stepsons between June 1, 1986, and March 29, 1988. That stepson was seven years old when the molestation began. In addition, the defendant was charged with committing one act constituting second-degree child molestation sexual assault upon the second former stepson during the same time period. The second stepson was two years older than his brother. For purposes of this appeal, a recital of the sordid details regarding the various criminal acts committed by the defendant upon the two young brothers is not necessary, nor is it necessary that we use their names in the course of this opinion.

The trial justice, in the course of denying the defendant's motion for a new trial, carefully reviewed in detail the young boys' testimony relating to what the defendant had done to them, found their trial testimony to be totally credible, and rejected the testimony of defendant's witnesses as being not credible. The defendant did not testify. In this appeal he does not challenge the credibility findings or the conclusions reached by the trial justice on his motion for new trial; instead, he asserts but a single claim of alleged error. He contends that the trial justice erred during trial in precluding him from recalling a witness to provide an evidentiary

basis for the admission of a photograph apparently taken of him at or about the time of trial and said to depict· a small scar, one and one-half inches in length, half of which was covered by the pubic hair in his groin area. We proceed to address that contention.

### Analysis

The defendant contends that the trial justice erred in refusing to permit him to recall defense witness, Joan Goodrow (Ms. Goodrow), in order to allow him to lay a foundation for the admission of the recently taken photograph of his pelvic region.

Prior to Ms. Goodrow's testimony, the defendant's sister had testified· that in 1968, some twenty-nine years prior to trial when the defendant was six years of age, he had undergone an appendectomy; however, she could not recall ever having seen the scar. Subsequently, Ms. Goodrow, the defendant's on and off lover since 1987, testified that she had observed the scar which she described as being about one and one-half inches in length, half of which was covered by the pubic hair growing in the defendant's pelvic area. She testified that "if you are looking at him, it's a little bit off to the left-hand side * * *." She was unable to recall the width of the scar. Previously, both young victims and their mother, who was the defendant's wife at the time of the molestation, were unable to recall ever having observed the scar in the defendant's pelvic region. The defendant's sister, as noted earlier, also testified that she had never seen the scar.

After completing her testimony, Ms. Goodrow was excused as a witness. Subsequently, the trial justice proceeded to read several agreed-upon stipulations to the jury and then recessed the proceedings. Upon returning from the recess, defense counsel requested permission to recall Ms. Goodrow to permit him to lay a foundation for the introduction of the recently taken photograph of the defendant's pelvic area.[1] The state objected. After hearing counsel, the trial justice denied the request stating as· grounds, the unreliability of the photograph, its prejudice to the state, and the bolstering of witness Goodrow's previous testimony.

The defendant now asserts that the trial justice's refusal to permit recall of Ms. Goodrow improperly interfered with trial counsel's meaningful opportunity to present a complete defense. He contends that recalling Ms. Goodrow at that time would not have prejudiced the state or caused an undue delay because the defense had not yet then rested and Ms. Goodrow was still in the court building.

 "It is well settled that a request to recall a witness is within the sound discretion of the trial justice." *State v. Young*, 456 A.2d 739, 740 (R.I.1983). _"A decision made in the exercise of such discretionary power will not be disturbed unless it clearly appears that it has been improperly exercised or that there has been an abuse thereof." *Id. See also State v. Wallace*, 428 A.2d 1070, 1072 (R.I.1981); *State v. LaPlume*, 118 R.I. 670, 681, 375 A.2d 938, 943 ˙(1977); *State v. Spivey*, 113 R.I. 1, 4–5, 316 A.2d 498, 500–01 (1974); *Vingi v. Trillo*, 77 R.I. 55, 60, 73 A.2d 43, 45 (1950). This rule is equally applicable both "when a party has requested the recall of a witness for purposes of further cross-examination" and when a party "seeks to recall his or her witness for further direct examination or explanation of prior testimony." *Young*, 456 A.2d at 741.

 "[A] display of [a defendant's physical characteristics] is non-testimoni-

---

1. Defense counsel acknowledged his available option of having the defendant personally display the scar to the jury but instead he chose to present the photo, stating:

 "Your Honor, we would like to have—just to have the defendant show the scar and, basically, case law would indicate that this can be considered testimonial in nature and *in lieu of having the scar, we'd rather have the testimony of Miss Goodrow*, lay a foundation as to a photograph of the scar." (Emphasis added.)

al." *United States v. Bay,* 748 F.2d 1344, 1345 (9th Cir.1984), *modified on reh'g,* 762 F.2d 1314 (9th Cir.1985). "Physical characteristics relevant to most eyewitness identifications (such as size, gender, skin and hair color, special deformities, and facial features) are apparent, and can be referred to in argument, without a defendant having to take the stand and subject himself to cross-examination and impeachment." *Id.* Scars are relevant where "the probative value of their display to the jury [is] not substantially outweighed by the risk of unfair prejudice." *See State v. Aponte,* 649 A.2d 219, 223 (R.I.1994) (per curiam).

■ In denying the defendant's request to recall Ms. Goodrow to the stand, the trial justice observed that more than likely she would have testified that the photograph accurately depicted the scar as she remembered it from her previous encounters with the defendant. He further stated:

"this should have been done at the time that she was presented to testify, and I think it would be unduly prejudicial to the state to allow you now to recall her to somehow rehabilitate her testimony to either enhance her recollection of the scar or to form a foundation that you were unsuccessful in doing earlier."

Although we are hard-pressed to understand how defense counsel could have been unsuccessful in laying a foundation for the introduction of the photograph where no such attempt by defense counsel to do so had ever been undertaken;[2] nonetheless, defense counsel did have more than ample opportunity to lay that foundation prior to Ms. Goodrow completing her testimony and being excused as a trial witness. It could have been done both while she was being questioned by defense counsel and

following the state's cross-examination. Defense counsel, however, merely elected to question Ms. Goodrow about the location and length of the scar. The state, at no time chose to dispute her testimony about the scar and, indeed, at no point during the entire trial did the state ever challenge the existence of the scar.[3]

■ In view of the fact that the actual existence of the scar was never in dispute and that it had been brought to the jury's attention and described by Ms. Goodrow, and considering that the defendant had clear opportunity display the scar at trial, we believe that the trial justice's explanation and reasons given for his denial of the defendant's request to recall Ms. Goodrow was reasonable and did not constitute an abuse of his discretion. Since the evidence concerning the sordid sexual acts committed upon the two young boys by the defendant was essentially uncontradicted, it is extremely doubtful that a photograph of the three-quarter inch exposed portion of the twenty-nine-year-old appendectomy scar in his pelvic area would have been of assistance to the defendant. Therefore, we hold that even if we were to assume error on the part of the trial justice in declining to allow the recall of the witness, Ms. Goodrow, it was harmless error beyond a reasonable doubt.

### Conclusion

For the foregoing reasons, the defendant's appeal is denied. His judgment of convictions are affirmed, and the papers in this case are remanded to the Superior Court.

2. The great Yogi Berra, in response to a question concerning the effect of night baseball upon spectator attendance, is reported to have once remarked—"If people don't want to come out to the ball park, nobody's going to stop 'em."

3. Although the victims and their mother, as well as the defendant's sister, all testified that they could not recall ever seeing the small scar, none of those witnesses ever challenged its existence.