## LIZZIE DOUGHTY *vs.* JOSEPH DE AMOREEL.

### PROVIDENCE—JUNE 27, 1900.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)   *Liability of Person Convicted of Larceny for Double Value of Property.   Conviction.   Nolo Contendere.*

Under the provisions of Gen. Laws R. I. cap. 233, § 16, an action will not lie in favor of a plaintiff to recover the double value of goods stolen where the defendant pleaded *nolo contendere* to the indictment for larceny and was thereupon placed under the control of a probation officer.   Within the meaning of the word as used in said section, a plea of *nolo contendere* is not a conviction.

(2)   *Nolo Contendere.*

The plea of *nolo contendere* does not establish the fact of guilt for any other purposes than that of the case to which it applies.

(3)   *Probation Officer.*

The placing of an offender in the custody of a probation officer, under the provisions of Pub. Laws R. I. cap. 664, after a plea of *nolo contendere*, does not amount to a sentence and judgment of the court upon the plea.

ACTION brought under Gen. Laws R. I. cap. 233, § 16. The statute is as follows : '' Whenever any person shall be convicted of larceny, he shall be liable to the owner of the money or articles taken for twice the value thereof, unless the same be restored, and for the value thereof in case of restoration.''   The facts are stated in the opinion.   Heard on exceptions of defendant to ruling of District Court, and exceptions sustained.

STINESS, C. J.   The plaintiff sues under the provisions of Gen. Laws cap. 233, § 16, to recover the double value of goods stolen.   The section says : '' Whenever any person shall be convicted of larceny,'' etc.   In this case the defendant pleaded *nolo contendere* to an indictment for larceny, and thereupon, under Pub. Laws, January, 1899, cap. 664, § 7, he was placed under the control and supervision of a probation officer.   The question is whether these facts amount

to a conviction.    The District Court held that the defendant
had been convicted, and gave a decision for the plaintiff for
double the value of the goods stolen.    The defendant excepts
to the ruling of the District Court.

(1)    We think that the exception must be sustained.    In the
strictest sense a conviction is not complete until it has become
a judgment of the court by a sentence, since, before that
time, a verdict may be set aside or a new trial granted for
various causes.    *Commonwealth* v. *Gorham*, 99 Mass. 420.
The term is commonly used, however, to denote the finding
of fact that the accused is guilty.    *Barker* v. *Almy*, 20 R. I.
367.    It is so used in our statutes, Gen Laws cap. 251, §§ 9,
10, where conviction is mentioned before a petition for a new
trial, which operates to stay the sentence.    Using the word
in this sense, the District Court held that the defendant had
been convicted because he could be sentenced upon his plea.

(2) But while a plea of *nolo contendere* may be followed by a
sentence, it does not establish the fact of guilt for any other
purposes than that of the case to which it applies.    Doubt-
less it is often used as a substitute for a plea of guilty, but it
simply says that the defendant will not contend.    This is not
a confession of guilt, because an accused person might find
himself without witnesses to establish his innocence, from
their death, absence, or other cause, and hence waive a fruit-
less contest.    It was therefore held in *State* v. *Conway*, 20
R. I. 270, that a plea of *nolo contendere* was not a conviction
and could not be used for the purpose of discrediting a wit-
ness.    See also *Buck* v. *Commonwealth*, 107 Pa. St. 486.

(3) The plaintiff argues, however, that the action of the court in
placing the defendant under the control of the probation offi-
cer was equivalent to a sentence of imprisonment and to a
judgment of the court upon the plea.

We do not think that this claim can be sustained.    Pub.
Laws (January, 1899) cap. 664, § 7, says:    " Whenever any
such offender shall be placed in the custody or under the
control and supervision of any such officer, such officer shall
have and exercise the same rights and power in relation to

such offender as are or may be possessed by a surety on a recognizance."

As this action can only be taken in cases where the offender can lawfully be admitted to bail, it is clear, from the terms of the statute, that the action does not amount to a sentence, but only to a taking of bail. Excepting certain higher crimes, it applies to any offender, juvenile or adult; yet the main purpose of the statute is the reformation of juvenile offenders. A sentence is therefore carefully avoided, and the accused person is not imprisoned but is allowed to go upon his future good behavior. The language of the act is that the action of the court is provisional and "before sentence."

The suggestion of the plaintiff that this puts it in the power of the attorney-general to take away a plaintiff's right to double damages by accepting a plea of *nolo contendere* is without weight. The acceptance of the plea lies with the court. *State* v. *Conway, supra.* But, aside from this, the attorney-general has control of criminal complaints and may, in his discretion, enter a *nol pros.*, which would equally prevent a plaintiff from maintaining such an action. The plaintiff has his right only under the terms of the statute, and that says: "When any person shall be convicted." The control of criminal procedure by the State is not to be limited for the purpose of allowing a plaintiff to recover double damages.

Exceptions sustained, and case remitted.

*Franklin P. Owen,* for plaintiff.
*Charles R. Easton,* for defendant.