SIMCO SALES SERVICE OF PENN-
SYLVANIA, INC.

v.

AIR REDUCTION COMPANY, Inc. and
Chemetron Corporation.

Civ. A. No. 31018.

United States District Court
E. D. Pennsylvania.

Jan. 4, 1963.

Samuel E. Dennis, Dennis, Lichtenstein, Cohen & Dennis, Philadelphia, Pa., for plaintiff.

William S. Rawls, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., Shearman & Sterling, New York City, of counsel, for defendant Air Reduction.

Philip H. Strubing, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Kirkland, Ellis, Hodson, Chaffetz, & Masters, Chicago, Ill., of counsel, for defendant Chemetron Corp.

LUONGO, District Judge.

Before me is the motion of defendants under Rule 12(f) to strike portions of the complaint filed in this civil antitrust action brought under sections 1 and 2 of the Sherman Act [15 U.S.C.A. §§ 1, 2], and section 4 of the Clayton Act [15 U.S.C.A. § 15].

In substance, plaintiff has alleged that: on March 7, 1952, in the matter of United States v. The Liquid Carbonic Corp., D.C.E.D.N.Y.1952, Civil Action No. 9179, a consent decree was entered enjoining all the defendants in that proceeding (including Air Reduction Company, Inc., a defendant in the instant action) from engaging in certain activities; in criminal contempt proceedings instituted thereafter for violation of that decree (United States v. General Dynamics Corp., D.C.E.D.N.Y.1961, No. 60 Cr. #422) Air Reduction Company, Inc. pleaded guilty; in said criminal contempt proceedings, Chemetron Corporation, also a defendant in the instant action, was charged with violation of the 1952 decree although it was not originally a party to the proceedings in which the consent decree was entered, and it pleaded nolo contendere [1] to the criminal contempt charge.

Defendants seek to strike from the complaint all references to the consent decree of March 7, 1952, and the pleas entered by them to the charges of criminal contempt resulting therefrom. Defendants contend that those allegations are " * * * immaterial, impertinent and scandalous, and the only purpose for including them in the complaint is to create prejudice against the defendants." Plaintiff opposes the motion on the ground that the matter is properly pleaded and admissible in evidence under both § 5 of the Clayton Act [15 U.S.C.A. § 16] and common law rules of evidence.

The motion to strike the challenged references will be granted in so far as it relates to Chemetron Corporation's plea, but will be denied as to Air Reduction Company, Inc.'s plea.

It has been well and long established that a plea of nolo contendere and a judgment of conviction entered thereon may not be used in subsequent civil proceedings against the party making such a plea. Hudson v. United States, 272 U.S. 451, 47 S.Ct. 127, 71 L.Ed. 347 (1926); Smith v. United States, 287 F. 2d 299 (5th Cir., 1961); Berlin v. United States, 14 F.2d 497 (3rd Cir., 1926). This principle has been adopted and applied in antitrust cases. Atlantic City Electric Company v. General Electric Company, 207 F.Supp. 620 (D.C.S.D. N.Y.1962) and cases cited therein at page 628. The reference to Chemetron's nolo contendere plea will, therefore, be stricken.

In the case of Air Reduction Company, however, its guilty plea to the contempt charges compels a different result on this motion to strike. Section 5 of

---

1. Although plaintiff referred to Chemetron's plea as a plea of guilty, it has since conceded that Chemetron entered a plea of "nolo contendere" and it will be so regarded hereinafter.

the Clayton Act [15 U.S.C.A. § 16] provides:

"A final judgment or decree heretofore or hereafter rendered in any civil or criminal proceeding brought by or on behalf of the United States under the antitrust laws to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws * * * as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: PROVIDED, That this section shall not apply to consent judgments or decrees entered before any testimony has been taken * * *."

■ Air Reduction argues that a contempt proceeding is not a proceeding "under the antitrust laws", that it is something separate and apart and wholly unrelated to the antitrust laws. Whether this is so depends, I think, upon the circumstances under which a particular contempt proceeding has been brought. If brought to vindicate the dignity and power of the Court, defendant's point may be well taken, but where contempt proceedings are instituted to compel compliance, or to punish failure to comply, with the terms of a Court decree entered to enforce the provisions of certain laws (here the antitrust laws), the contempt proceedings are ancillary to and, therefore, a "proceeding under" the laws for the enforcement of which the decree was entered.

It would be inappropriate at this stage of the litigation, before full development of the circumstances surrounding the contempt proceedings, including the terms of the original consent decree and the details of the violations alleged in the citation for contempt, to rule as a matter of law that the judgment entered in the contempt proceeding on the plea of guilty is not a judgment in an action under the antitrust laws within the meaning of § 5. This is a matter which will not be ripe for ruling until all the surrounding facts and circumstances have been developed in the course of the trial itself.

■ The second aspect of Air Reduction's argument is that if the contempt proceeding is one under the antitrust laws within the meaning of § 5, then it comes within the proviso to that section and reference to it should, therefore, be stricken. Its argument here is, first, that a guilty plea itself is a consent judgment and is, therefore, within the proviso to § 5. There is some support for this view [2] but I prefer the contrary view expressed in Atlantic City Electric Company v. General Electric Company, supra, which I adopt for the purposes of this case.

■■ Air Reduction next argues, on the matter of "consent", that since the contempt proceedings arose out of the consent decree entered in the original action (United States v. The Liquid Carbonic Corporation) the contempt proceedings must also be characterized as "consent" proceedings and therefore within the proviso to § 5. In my opinion such an interpretation does violence to the Congressional policy underlying the limited immunity granted by the proviso to § 5. The proviso was inserted to " * * * encourage defendants to submit to the demands of the Government."[3] To extend the scope of the proviso to proceedings instituted to punish violations of such consent decrees would be to encourage the very conduct which the legislation was designed to eliminate. I cannot ascribe such a contradictory intent to Congress.

■ There is yet another reason for refusing to grant Air Reduction's motion to strike. Whether or not the guilty plea is admissible under § 5 as prima facie evidence, it may, depending on the

2. Commonwealth Edison Company v. Allis-Chalmers Manufacturing Company (D.C. N.D.Ill.) 211 F.Supp. 712.

3. Twin Ports Oil Co. v. Pure Oil Company, 26 F.Supp. 366 (D.C.Minn.1939).

terms of the consent decree and the violations thereof alleged in the citation for contempt, be admissible under common law rules of evidence as an admission against interest. This Court has previously expressed its disapproval of pleading evidence in the complaint but it has refused to strike such references. South Side Drive-In v. Warner Bros. Distributing Corp., 30 F.R.D. 32 (D.C.E.D.Pa. 1962).

Air Reduction's motion to strike will be denied.