395 A.2d 724.

A.A.A. POOL SERVICE & SUPPLY, INC. *vs.* THE AETNA
CASUALTY & SURETY COMPANY.

DECEMBER 29, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

JOSLIN, J.   The United States District Court for the
District of Rhode Island, acting pursuant to Sup. Ct. R. 6,
has certified to us the following question of law:

> "Does an insurer's bad faith refusal to settle an
> insurance claim .give rise to an independent cause of
> action for breach of a duty owed to the insured resulting
> in liability for compensatory and punitive damages and
> attorney's fees?"

The facts relevant to the question are uncomplicated and
may be stated briefly. On or about July 1, 1974, defendant
issued plaintiff a fire insurance contract in the face amount of
$27,000 insuring a building owned by plaintiff. A few days
later, on or about July 4, 1974, a fire totally destroyed the

insured premises. Although plaintiff submitted a proof of loss to defendant and complied with all other conditions precedent to recovery on the policy, defendant refused to pay the claim.

As a result of the refusal, on January 13, 1975, plaintiff commenced suit against defendant in the United States District Court for the District of Rhode Island. The complaint was in two counts: the first alleged that defendant breached the fire insurance contract; the second, that defendant "purposely, knowingly, intentionally and in bad faith refused to timely perform its obligation to pay and/or otherwise honor its contract with the plaintiff." Based upon those allegations, plaintiff asserted that it was entitled to punitive as well as actual damages and reasonable attorney's fees.

On April 12, 1976, the District Court granted partial summary judgment for plaintiff on the contract liability issue of count I. The defendant then moved for summary judgment on count II. Because there was neither a precisely dispositive decision of this court nor a statute of this state resolving the issue raised by that motion, and also because there are differing opinions among the various jurisdictions that have considered the question, the district judge invoked the certification procedure provided for by Sup. Ct. R. 6 and abstained from ruling on defendant's motion pending our response to the question certified.

Courts faced with this problem have traditionally relied upon the established rule of the law of contracts that ordinarily limits damages for the nonperformance of a unilateral or independent obligation to pay a liquidated sum of money to the sum of money itself with interest at the legal rate from the time it was due. *See* Williston, *Contracts*, §1410 at 604 (3d ed. 1968).

More recently, courts following the view announced by the Supreme Court of California in *Gruenberg* v. *Aetna Insurance Co.*, 9 Cal. 3d 566, 510 P.2d 1032, 108 Cal. Rptr. 480 (1973) have held, in substance, that in insurance con-

tracts, just as in other contracts, the contracting parties impliedly covenant to act in good faith and to deal fairly with each other, and that an insurer violates that covenant by unfairly and without good cause withholding payment of a claim. Such a violation, they say, constitutes a breach of contract and in addition gives rise to an independent action sounding in tort for which the insured may recover consequential, and in a proper case, punitive damages as well as attorney's fees.[1]

The plaintiff argues that this court has accepted as the law of this state the principle that the parties to a contract have an implied contractual duty to act fairly and in good faith, and it urges that we should extend that principle and hold that a breach of the duty to act fairly gives rise to an independent action sounding in tort. It further submits that public policy considerations demand that we no longer rely on traditional concepts of contract law to insulate an insurer beyond the limits fixed in the policy.

We find no fault with plaintiff's premise. This court has indeed long recognized that parties to a contract have an implied obligation to deal fairly with one another. *Ide Farm & Stable, Inc.* v. *Cardi,* 110 R.I. 735, 739, 297 A.2d 643, 645 (1972); *Psaty & Fuhrman, Inc.* v. *Housing Authority,* 76 R.I. 87, 93, 68 A.2d 32, 36 (1949). However, we do not agree with plaintiff's assertion that the unfair denial of its claim entitles it to sue its insurer in tort. To support that assertion, plaintiff relies principally on the contention that its insurance

---

[1] *Escambia Treating Co.* v. *Aetna Cas. & Sur. Co.,* 421 F. Supp. 1367, 1368-71 (N.D. Fla. 1976); *Grand Sheet Metal Prods. Co.* v. *Protection Mut. Ins. Co.,* 34 Conn. Supp. 46, 51-52, 375 A.2d 428, 430 (1977); *United States Fidelity & Guar. Co.* v. *Peterson,* 91 Nev. 617, 619-20, 540 P.2d 1970, 1071-72 (1975); *Christian* v. *American Home Assurance Co.,* 577 P.2d 899, 904-05 (Okla. 1977); *Diamon* v. *Penn Mut. Fire Ins. Co.,* 247 Pa. Super. 534, 551, 372 A.2d 1218, 1227-28 (1977); *see* Note, The Availability of Excess Damages for Wrongful Refusal to Honor First Party Insurance Claims — An Emerging Trend, 45 Fordham L. Rev. 164 (1976); Comment, *Good Faith and Fair Dealing in Insurance Contracts: Gruenberg* v. *Aetna Insurance Co.,* 25 Hastings L. J. 699 (1974); Comment, *The Widening Scope of Insurer's Liability,* 63 Ky. L. J. 145 (1975). *See also* Annot., 47 A.L.R.3d 314 (1973).

policy is a contract of adhesion which was offered on a take-it-or-leave-it basis on a standard printed form, and which, because it limits the insurer's liability to the value of the property damaged plus interest, places an insured at a substantial disadvantage in settlement negotiations. Furthermore, it permits an insurer the luxury of unfairly rejecting a demand without fear of deleterious monetary consequences, secure in the knowledge that liability under the policy is limited. The plaintiff insists that to permit an insurer these advantages is unconscionable, and that public policy considerations require that such rejection of an insured's claim be deemed a breach of the implied covenant of fair dealing and the underpinning for creating an independent cause of action.

The plaintiff's insurance policy in this case, however, is not a contract of adhesion. Instead, it is a standard form of fire insurance policy the provisions of which were prescribed by the Legislature in G.L. 1956 (1968 Reenactment) §27-5-3 and are required by §27-5-2 to be included in all fire policies issued on property located in this state.

Certainly the Legislature, in establishing the provisions which must be included in Rhode Island fire insurance policies, was aware that it had not made it possible for an insured to recover more than the actual cash value of the property damaged or destroyed. Presumptively the Legislature also gave due consideration in its deliberations to the plight of an insured whose insurer in bad faith withholds payment of a legitimate claim. Yet the Legislature did not include within the prescribed policy a provision or term expanding the liability of such an insurer. Nor did it follow the example of other state legislatures by enacting general legislation imposing liability for punitive damages and attorney's fees or providing statutory penalties for an insurer's bad faith in failing to pay a claim. *E.g.*, Del. Code tit. 18, §§2304(16), 2308 (Rev. 1974); Ill. Ann. Stat. ch. 73, §767 (Smith-Hurd Supp. 1976); N.Y. Ins. Law §40-d (McKinney Supp. 1977-78).

We must take into account what the Legislature has not done as well as what it has done. Our belief that the Legislature is better suited than we are to state what the public policy is requires a deferral to its decision considering the "wisdom, need, or appropriateness" of permitting an independent cause of action for a bad-faith rejection of a fire insured's claim. *See Malinou v. Board of Elections,* 108 R.I. 20, 25, 271 A.2d 798, 800 (1970).

Having decided that no independent cause of action exists here, we do not reach the question of whether punitive damages or attorney's fees may be awarded to the plaintiff. We stress, however, that we answer only the question posed by the District Court, and we venture no opinion about whether an independent cause of action will arise by reason of a bad-faith withholding of a payment under any type of insurance policy other than the standard fire insurance policy for the State of Rhode Island.

We answer the question certified to us in the negative.

*Ralph J. Gonnella, Ltd., Ralph J. Gonnella, Decof, Weinstein & Mandell, Leonard Decof, Philip M. Weinstein, Martin W. Aisenberg,* for Amicus Curiae, Carolyn Bibeault, for plaintiff.

*Hanson, Curran & Parks, A. Lauriston Parks, Dennis J. McCarten,* for defendant.