## STATE

v.

## Abraham L. GOBERN.

No. 79-96-C.A.

Supreme Court of Rhode Island.

Jan. 7, 1981.

Dennis J. Roberts II, Atty. Gen., Alyssa L. Talanker, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, John P. O'Connor, Asst. Public Defender, for defendant.

OPINION

KELLEHER, Justice.

On September 25, 1969, Abraham L. Gobern (Gobern) pleaded nolo to a one-count indictment that charged him with the illegal possession of a pistol in violation of G.L. 1956 (1969 Reenactment) § 11–47–8. Gobern was then placed on probation for a period of nine months. This probationary status terminated without incident.

Ten years after his nolo plea, Gobern returned to the Superior Court by way of a motion in which he asked that the Attorney General's division of criminal identification (the division) be ordered to destroy all its records relating to the 1969 indictment. It is conceded that apart from the 1969 charge Gobern has no criminal record whatsoever. The gun charge resulted from an arrest that took place as Gobern was driving with a cash deposit from a liquor store he managed to a bank.

Gobern told the trial justice that the information found in the division's files thwarted all his efforts to obtain desired employment. Although the trial justice described Gobern's motion as being "a worthy case," he told Gobern that if relief was to be granted, it would come from the Legislature, not the judiciary. Although we too are sympathetic to Gobern's plight, we must affirm the trial justice's denial.

The authority for the destruction of criminal records is found in G.L. 1956 (1969 Reenactment), §§ 12–1–12 and 12–1–13 (1980 Cum.Supp.). Recently, in Petition of Crepeau-Cross, R.I., 385 A.2d 658 (1978), we ruled that the relief afforded by § 12–1–13 is limited to those who are charged with a misdemeanor. Since the illegal possession of a pistol constitutes a felony, Gobern's sole remedy, if any, lies within the provisions of § 12–1–12.

In essence, § 12–1–12 requires the destruction of any "fingerprint, photograph, physical measurement, or other record of identification" taken by the Attorney General, State Police, municipal police, or any other duly authorized person of an arrested person who, prior to final conviction, is acquitted or otherwise exonerated of the offense that caused the arrest. The statute also requires that the destruction take place within forty-five days subsequent to the acquittal or exoneration but also expressly exempts from its operation any arrestee who has previously been convicted of an offense involving moral turpitude. Gobern, in relying upon this section, presents two contentions: his nolo plea cannot be considered as a conviction, and assuming it is, his successful completion of the nine-month probationary term prescribed amounts to exoneration. We disagree.

In claiming he was never convicted of the 1969 charge, Gobern relies upon an excerpt found in *Doughty v. De Amoreel*, 22 R.I. 158, 159, 46 A. 838, 838 (1900), a case in which the plaintiff was suing for double damages representing the value of goods stolen from him by the defendant. Earlier, the defendant had pleaded nolo to a larceny charge and was placed on probation. The defendant took the position that a nolo plea was not a conviction. In sustaining the defendant's appeal, the court observed that in its strictest sense, a conviction is not complete until imposition of sentence. However, the court went on to point out that "while a plea of *nolo contendere* may be followed by a sentence, it [the plea] does not establish the fact of guilt for any other purposes than that of the case to which it applies." The court in *Doughty* also cited *State v. Conway*, 20 R.I. 270, 38 A. 656 (1897), where the defendant's appeal was sustained because the prosecutor had attempted to impeach the defendant's credibility by asking her if in an earlier criminal charge she had pleaded nolo and had been fined $100. The *Conway* court, in rejecting the impeachment attempt, emphasized that

the conviction impact of the nolo plea only applied to the proceedings in which it was entered.

■■■■ Since the turn of the century this court has taken the words spoken about the nolo plea in *Doughty*, put them in positive terms, and repeated them numerous times. In Rhode Island a nolo plea, once accepted, becomes an implied confession of guilt. Thus, for the purposes of a case in which it is entered, such a plea is equivalent to a plea of guilty. *State v. Feng*, R.I., 421 A.2d 1258 (1980); *Johnson v. Mullen*, R.I., 390 A.2d 909 (1978); *Nardone v. Mullen*, 113 R.I. 415, 322 A.2d 27 (1974); *Cole v. Langlois*, 99 R.I. 138, 206 A.2d 216 (1965); *State v. McElroy*, 71 R.I. 379, 46 A.2d 397 (1946). In *Nardone*, this court stressed that once the nolo plea is entered, it is as much a conviction as a jury-returned guilty verdict against the pleader would have been, and jeopardy attaches with the acceptance of the plea. *Nardone v. Mullen*, 113 R.I. at 418, 322 A.2d at 29.

■■■■ Since Gobern stands convicted of violating the provisions of § 11–47–8, all that remains to decide is whether his successful performance as a probationer can be considered as exoneration within the meaning of § 12–1–12. Webster's Third New International Dictionary defines the word "exonerate" as meaning "to relieve from a charge, obligation, or hardship: clear from accusation or blame." However, probation is a substitute for incarceration rather than a synonym for exculpation. Persons on probation are not absolved of the charges that led to their status as probationers. They are merely enjoying conditional liberty that may be revoked if they violate the terms of the probation agreement. *See State v. Plante*, 109 R.I. 371, 377–78, 285 A.2d 395, 398 (1972); G.L. 1956 (1969 Reenactment) § 12–19–9 (1980 Cum.Supp.).

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.[1]

1. At its January 1971 session, the General Assembly amended G.L. 1956 (1969 Reenactment) chapter 10 of title 12 with its addition to the chapter of § 12–10–12. The 1971 amendment now permits a justice of the Superior or District Courts to file criminal complaints in all

cases except those involving convicted felons or private complaints. The filing may be accompanied with such conditions as the court sees fit, including "the performance of services for the public good." If the complaint remains dormant for a year subsequent to the filing, it is to be "automatically quashed and destroyed." Once the year has expired, the accused has no criminal record, but in any "civil action for a tort" a finding of guilt or a plea of guilty "should be admissible."