Alfred KORSAK et al.

v.

PRUDENTIAL PROPERTY & CASUAL-
TY INSURANCE COMPANY.

No. 79–414–A.

Supreme Court of Rhode Island.

Feb. 26, 1982.

Manning, West, Santaniello & Pari, Al-
bert B. West, Paul M. Finstein, Providence,
for plaintiffs.

Higgins, Cavanagh & Cooney, Kenneth P.
Borden, Albert R. Romano, Robert J. Quig-
ley, Jr., Providence, for defendant.

OPINION

SHEA, Justice.

At the time of the events which gave rise
to this lawsuit, the plaintiffs, Alfred Korsak
and his wife, Joyce (the Korsaks) were the
occupants of a residence located on Cooper
Road in Harmony, Rhode Island. They in-
sured these premises and its contents under
a homeowner's policy obtained from the
defendant Prudential Property & Casualty
Insurance Company (Prudential). This poli-
cy was in the statutory form set forth in
G.L.1956 (1979 Reenactment) chapter 5 of
title 27. The effective period of the policy
was from February 2, 1978 through Febru-
ary 2, 1979.

The policy contained certain conditions and provisions. One recited that the Korsaks were the owners of the insured property. Another set forth that the entire policy would be void if either before or after a loss, the Korsaks willfully concealed or misrepresented material facts or circumstances concerning the insurance or their ownership of the property, or if they perpetrated any fraud or false swearing in connection with the insurance.

The Korsaks alleged that during the weekend beginning on Friday, May 26, 1978, while they were visiting in Pittsfield, Massachusetts, a burglary occurred at their residence. Shortly thereafter, they filed a claim of their loss with Prudential, after first reporting the matter to the local police.

On May 29, the Glocester police began an investigation in response to the Korsaks' report. Photographs and reports of damage, and information about allegedly stolen items were obtained by the police and the State Bureau of Criminal Identification. Later, a Prudential adjuster also took photographs of the property and obtained a signed statement from Mr. Korsak regarding the damage and stolen items. After a comparison of the photographs and statements taken by the adjuster with the photographs and original reports obtained by the police, numerous discrepancies and contradictions regarding the alleged damage and stolen items were noted by the police and the insurer.

Subsequent investigation by the Glocester police assisted by the State Police, gave rise to suspicions concerning the validity of the Korsaks' burglary claim. The investigation revealed that several items of claimed damages were in fact not caused during the alleged burglary. The evidence established that some of the damage had been caused by Mr. Korsak himself, prior to the submission of his claim to Prudential. Further investigation disclosed that several of the allegedly stolen items were not, in fact, owned by the Korsaks. Regarding those items, Mr. Korsak had prepared and submitted to the police and to Prudential forged bills of sale for items not actually owned by him or his wife.

Later, in a sworn statement given by Mr. Korsak to the police, he admitted that he had damaged some of the items which were included in his insurance claim and that he prepared forged bills of sale for items which he did not own but for which he had made a claim to the insurer. In due course criminal charges were brought against Mr. Korsak based on insurance fraud. A four-count criminal information contained reports, photographs, bills of sale, sworn statements from investigators, and from alleged sellers of items on the bills of sale in question, and Mr. Korsak's own sworn statement implicating himself in the offense.[1] After initially entering not-guilty pleas to each count, he later pleaded nolo contendere to counts 1 and 3 of the information and received a two-year suspended sentence with four years probation on count 1, and one-year suspended sentence with one year of probation on count 3.

As a result of the criminal prosecution, Prudential refused to pay under the provisions of the policy, and the Korsaks filed this law suit.[2] Prudential served the Korsaks with requests for admissions under Rule 36 of the Superior Court Rules of Civil Procedure. In response to the first two requests, Mr. Korsak admitted that he had, in fact, pleaded nolo contendere to charges that he had attempted to obtain and steal money from Prudential by false pretenses. Also, he admitted that he had pleaded nolo contendere to the charge that he had knowingly given a false and erroneous document,

---

1. The specific charges in the information were:
   Count 1—Attempt to obtain money by false pretenses.
   Count 2—Obtaining money by false pretenses.
   Count 3—Filing a false document.
   Count 4—Filing a false document.

2. The Korsaks sought recovery on two counts. Count 1 sought damages for breach of the insurance contract by Prudential and count 2 sounded in tort and sought recovery for an alleged bad-faith refusal to pay the Korsaks' claim.

a proof of loss statement, with the intent to mislead. The third request sought an admission that Korsak had attempted to defraud Prudential. Korsak responded with a written statement: "I, Alfred J. Korsak, being duly sworn, hereby deny that I attempted to defraud [Prudential] in this case [of] the sum of $45,000.00 in connection with the alleged burglary and vandalism referred to in the complaint."

Prudential moved for summary judgment on both counts of the complaint. No affidavit was submitted in support of the motion for summary judgment, but the motion itself had appended thereto a certified copy of Alfred Korsak's conviction on count 1 and count 3 of the criminal information. Also, the motion indicated that it was incorporating by reference the criminal information and a copy of the docket entries of the Superior Court in that criminal proceeding.

▆ The motion for summary judgment further indicated that regarding count 2, Prudential was relying upon *A.A.A. Pool Service & Supply, Inc. v. Aetna Casualty & Surety Co.*, R.I., 395 A.2d 724 (1978). In that case we held that insurance policies written in conformity with the provisions of chapter 5 of title 27 do not support a cause of action sounding in tort against the insurer for bad faith refusal to settle with the insured. Regarding the instant case, *A.A.A. Pool Service & Supply, Inc., supra,* is dispositive as to count 2 and the appeal from the summary judgment entered on that count has no merit.

▆ It is Prudential's position that Alfred Korsak's conviction on a plea of nolo contendere established the fact of fraud and rendered the policy void. Korsak argues that a conviction on a plea of nolo contendere does not prove the underlying facts of the offense nor can that conviction be used as an admission in a civil suit involving the same matter. He argues further that since he denied the allegation of fraud in his answer to Prudential's requested admissions, a genuine issue of material fact existed at the time summary judgment was entered. We agree, and the summary judgment entered on count 1 will be reversed.

It is a widely accepted rule that a conviction upon a plea of nolo contendere is not admissible in evidence in a subsequent civil suit on the same matter as an admission of guilt or as proof that the defendant committed the offense. In considering this issue, Professor McCormick has written that "that attribute is a principal reason for their [pleas of nolo contendere] employment." *McCormick's Handbook of the Law of Evidence* § 265, at 636 (2d ed. Cleary 1972). *See also Tempo Trucking and Transfer Corp. v. Dickson,* 405 F.Supp. 506 (E.D. N.Y.1975); *Simco Sales Service of Pennsylvania Inc. v. Air Reduction Co.,* 213 F.Supp. 505 (E.D.Pa.1963); *In re Appeal of Williamson,* 18 Ohio Misc. 67, 47 Ohio App.2d 125, 246 N.E.2d 618 (1969); *Cross v. State,* 45 Wis.2d 593, 173 N.W.2d 589 (1970). Many years ago this court, in *Doughty v. De Amoreel,* 22 R.I. 158, 46 A. 838 (1900), decided that the victim of a crime who sued the offender who had previously pleaded nolo contendere to the criminal charges and had received a disposition of probation could not introduce in evidence the fact of that conviction in the civil suit. This court reasoned that the nolo plea did not establish the fact of guilt for any purpose other than that of the case in which it applied. *Id.* at 159, 46 A. at 838–39. That case has been cited with approval most recently in *State v. Gobern,* R.I., 423 A.2d 1177 (1981). *See also State v. McElroy,* 71 R.I. 379, 46 A.2d 397 (1946).

▆ At this point, we would note the concern expressed by some as to the reach of our holding in *State v. Gobern, supra,* where we rejected Gobern's claim that he was entitled, by virtue of the provisions of G.L.1956 (1981 Reenactment) § 12–1–12, to the destruction of any record in the Attorney General's Division of Criminal Identification that related to his arrest and subsequent indictment for the illegal possession of a pistol. Gobern had pleaded nolo to the gun charge and was then placed on probation which concluded without incident nine months later. The statute in question allows destruction of records relating to an arrest if, before "final conviction," the ar-

restee is "acquitted or otherwise exonerated." In rejecting Gobern's claim of acquittal or exoneration, we pointed out that while his nolo plea may not have established his guilt for all purposes and in other proceedings, for the purpose of disposing of the gun-charge indictment it was the equivalent of a plea of guilty. We also ruled that his successful completion of probation was neither an exoneration nor an exculpation. At no time in *Gobern* were we concerned as to what may constitute a "police record;" nor did we modify the principle that a nolo plea followed by probation could not be considered as a conviction which might be used to impeach credibility, or as a basis for recovery of double damages in a civil action against a thief or the thief's receiver. *Doughty v. De Amoreel, supra; State v. Conway,* 20 R.I. 270, 38 A. 656 (1897). However, we emphasize that a nolo plea followed by a sentence (fine or imprisonment, whether or not suspended) constitutes a conviction which may be used to impeach credibility as well as to form a basis for an award of double damages to the victim of a theft. *Ludwig v. Kowal,* R.I., 419 A.2d 297, 302 (1980). Thus, if Mr. Korsak should testify, his nolo plea and receipt of a suspended sentence could be used to attack his credibility. But, we do reiterate that a nolo plea followed by probation or a deferred sentence may not be considered as a conviction for impeachment purposes.

As we review the record in this case, without the evidence of Alfred Korsak's conviction, which may not be used as proof of the matter asserted, there is no evidence to support the summary judgment which was entered. The same result has been reached in the case of *North Carolina State Bar v. Hall*, 293 N.C. 539, 238 S.E.2d 521 (1977), where it was held that not only was proof of a conviction upon a plea of nolo contendere not sufficient to sustain a motion for summary judgment, but also that the defendant's denial of his guilt raised a genuine issue of material fact. That case involved a civil proceeding for disbarment of an attorney based on the principal ground of the attorney's conviction of a crime of moral turpitude. The defendant had flatly denied the charges to which he had previously pleaded. A certified copy of the indictment and the judgment of conviction were introduced in support of the motion for summary judgment and the trial court granted the motion. The Supreme Court of North Carolina stated:

> "the mere introduction of a certified copy of an indictment, and a judgment thereon, based upon a plea of nolo contendere, is not sufficient to deprive an attorney of his license; certainly when he is present in court, denying his guilt." *Id.* at 542, 238 S.E.2d at 523 (quoting *In re Stiers,* 204 N.C. 48, 167 S.E. 382 (1933)).

We hold that Alfred Korsak's sworn denial of the fact that he had attempted to perpetrate a fraud on the insurance company raised a question of material fact which must be determined at trial in the Superior Court.

For these reasons the appeal is sustained in part and dismissed in part. The summary judgment entered in reference to count 2 is affirmed. The summary judgment entered in reference to count 1 is reversed. The papers of the case are remanded to the Superior Court for further proceedings consistent with this opinion.