## COOPERS & LYBRAND

v.

## BOARD OF ACCOUNTANCY, State of Rhode Island.

### No. 80–6–Appeal.

Supreme Court of Rhode Island.

Aug. 4, 1982.

Selya & Iannuccillo, Bruce M. Selya, Providence, for plaintiff; Owen B. Landman, Bruce A. Wolpert, Providence, on brief.

Lawrence M. Iacoi, Susan D. Hayes, Dept. of Business Regulation, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This matter is before the court on three certified questions, submitted by the Superior Court pursuant to G.L. 1956 (1969 Reenactment) § 9–24–25. The plaintiff, a partnership, applied to the Board of Accountancy of the State of Rhode Island (the board) for registration in this state as a partnership of certified public accountants (C.P.A.s) pursuant to G.L. 1956 (1976 Reenactment) § 5–3–8.[1] The board ruled that, under § 5–3–8(d), a partnership could register only if it maintained an office in Rhode Island; the board therefore denied the plaintiff's application on the ground that the plaintiff had no in-state office. The plaintiff brought the instant suit in Superior Court pursuant to G.L. 1956 (1977 Reenactment) §§ 42–35–7 and 42–35–15, alleg-

1. General Laws 1956 (1976 Reenactment) § 5–3–8 provides in part:

"Partnerships composed of certified public accountants—Registration thereof.—A partnership engaged in this state in the practice of public accounting may register with the board as a partnership of certified public accountants provided it meets the following requirements:

(a) At least one general partner thereof must be a certified public accountant of this state in good standing;

(b) Each partner thereof personally engaged within this state in the practice of public accounting as a member thereof must be a certified public accountant of this state in good standing;

(c) Each partner thereof must be a certified public accountant of some state in good standing; and

(d) Each resident manager in charge of an office of the firm in this state must be a certified public accountant of this state in good standing."

ing that the board erred in interpreting § 5–3–8(d) to require that a registering partnership maintain a Rhode Island office.

The Superior Court has certified to this court the following questions:

I. DOES SECTION 5–3–8 OF THE RHODE ISLAND GENERAL LAWS REQUIRE THAT AN ACCOUNTING PARTNERSHIP, OTHERWISE QUALIFIED FOR REGISTRATION, HAVE AN ESTABLISHED OFFICE IN THE STATE OF RHODE ISLAND AS A CONDITION PRECEDENT TO REGISTRATION?

II. DO THE DEFENDANTS POSSESS AUTHORITY TO DENY REGISTRATION TO THE PLAINTIFF BASED SOLELY UPON THE ABSENCE OF SUCH AN IN–STATE OFFICE?

III. IF THE ANSWER TO THE PRECEDING QUESTION IS IN THE AFFIRMATIVE, HAVE THE DEFENDANTS PROPERLY AND LAWFULLY EXERCISED SUCH AUTHORITY IN THIS INSTANCE, IN THE ABSENCE OF FORMAL REGULATION(S) TO THAT EFFECT?

Although the board asserts that it has always construed § 5–3–8 to require registering partnerships to maintain an in-state office, the construction of statutes is a matter reserved for the courts. *Rule v. Rhode Island Department of Transportation,* R.I., 427 A.2d 1305 (1981). A primary canon of statutory construction is that the words of a statute, if they are free from ambiguity and they express a clear and sensible meaning, are conclusively presumed to express the intent of the Legislature. *Little v. Conflict of Interest Commission,* R.I., 397 A.2d 884 (1979); *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. 937, 392 A.2d 371 (1978). In such an instance "[n]o interpre-

tation is required or permitted." *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. at 941, 392 A.2d at 373.

The only language of § 5–3–8 from which the board infers an in-state-office requirement is found in subsection (d), which provides that "[e]ach resident manager in charge of an office of the firm in this state must be a certified public accountant of this state in good standing." We find this language clear and unambiguous. Section 5–3–8(d) merely declares that if a firm does maintain Rhode Island offices, it may register only if the resident managers of those offices are C.P.A.s of this state in good standing. It does not provide, however, that as a condition precedent to registration a firm must maintain a Rhode Island office.[2] Accordingly, we construe § 5–3–8(d) as inapplicable to a registering firm of C.P.A.s that does not establish a Rhode Island office.

We answer the questions certified to us in the negative and order the papers in the case returned to the Superior Court with our decision endorsed thereon.

---

2. When the Legislature has sought to impose such a requirement, it has done so in unequivocal terms. Section 5–3–4, setting forth the requirements for registration of an individual as a C.P.A., clearly states, in subsection (b), that a certificate shall be granted only to an applicant "who is a resident of this state or has a place of business therein or, as an employee, is regular-

ly employed therein * * *." The absence of similar mandatory language in § 5–3–8 is significant because "[w]e must take into account what the Legislature has not done as well as what it has done." *A.A.A. Pool Service & Supply, Inc. v. Aetna Casualty & Surety Co.,* R.I., 395 A.2d 724, 726 (1978).