Ernest A. MORIN et al.

v.

**AETNA CASUALTY AND SURETY COMPANY et al.**

No. 81–265–Appeal.

Supreme Court of Rhode Island.

May 24, 1984.

Bradford Gorham, Providence, for plaintiffs.

William A. Curran/Dennis J. McCarten, Hanson, Curran & Parks, Providence, for defendants.

## OPINION

BEVILACQUA, Chief Justice.

The plaintiffs, Ernest A. Morin and Ruth Morin, brought this civil action against the defendants, Aetna Casualty and Surety Company et al, to recover for damages resulting from a fire and explosion to their home and its contents. The defendants asserted as a defense that the plaintiffs

intentionally caused the fire and filed a counterclaim seeking both compensatory and punitive damages on the ground that the plaintiffs had been convicted of statutory burning, conspiracy to commit statutory burning, conspiracy to defraud an insurer, burning with intent to defraud an insurer, and attempting to obtain money under false pretenses. *See State v. Morin*, R.I., 422 A.2d 1255 (1980).

Subsequently, defendants filed a motion for summary judgment. The trial justice granted defendants' motion as to compensatory damages, but denied the request for punitive damages. Both plaintiffs and defendants appeal.

The plaintiffs, on June 28, 1976, were the owners of a home located on Ruth Boulevard in Coventry. On this day, the home was extensively damaged by a fire. The real estate was insured by a policy issued by defendants. In the meantime, plaintiffs filed a sworn statement and proof of loss claiming a total loss to real and personal property in the amount of $261,000.

Thereafter, plaintiffs were indicted and charged with the above crimes. In January 1978, following a jury trial, plaintiffs were found guilty on all counts. After exhausting their appeals, their convictions were affirmed. *See State v. Morin*, R.I., 422 A.2d 1255 (1980).

During the pendency of the criminal proceedings, plaintiffs initiated this suit against defendants, alleging that they had unreasonably delayed in making payment of the insurance proceeds to the mortgage holders of the property. The plaintiffs also claimed that the delay resulted in the accrual of additional interest to plaintiffs' detriment. After payments of $49,754.72 and $12,695.28 were made respectively to each of the mortgagees, defendants filed a counterclaim to recover the sums paid, alleging that the payments made to Warwick Federal Savings and Loan Association and the Greater Providence Deposit Corporation, the mortgagees, were made as a direct result of the fraud perpetrated by plaintiffs.

Thereafter, defendants filed a motion for summary judgment as to plaintiffs' claim as well as their own counterclaim. In granting the motion, the trial justice held that because plaintiffs were already criminally convicted, they were collaterally estopped from litigating their claim in a civil suit.

On appeal, we will confine ourselves to two issues: (1) whether a criminal conviction is admissible to bar recovery in a civil suit based on the same facts or occurrence; and (2) whether punitive damages are allowable, when the parties have been convicted of criminal conduct in obtaining money under the terms of their fire policy, in a civil suit based upon the same transaction or occurrence.

I

The first issue of whether a criminal conviction is admissible to bar recovery in a civil suit based on the same facts or occurrence is one of first impression in this jurisdiction.

Responding to this issue, plaintiffs contend that a criminal conviction is not admissible as evidence in a civil suit in which the truth of the facts underlying the conviction is raised. As a general rule, this is true. *Aetna Casualty & Surety Co. v. Anderson*, 200 Va. 385, 388, 105 S.E.2d 869, 872 (1958); *see State v. Bradnack*, 69 Conn. 212, 214, 37 A. 492, 493 (1897). However, this rule is subject to a widely recognized exception. A majority of jurisdictions will not exclude criminal judgments from evidence in a civil suit where the party's motive in bringing the civil suit is to benefit from his criminal act. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Worthington*, 405 F.2d 683, 686 (8th Cir.1968); *Imperial Kosher Catering, Inc. v. Traveler's Indemnity Co.*, 73 Mich.App. 543, 545, 252 N.W.2d 509, 510 (1977); *Mineo v. Eureka Security Fire and Marine Insurance Co.*, 182 Pa.Super. 75, 81, 125 A.2d 612, 615 (1956); *Eagle, Star & Brit-*

*ish Dominions Insurance Co. v. Heller*, 149 Va. 82, 106, 140 S.E. 314, 321 (1927).

However, the courts are generally divided over the question of whether the evidence is only prima facie evidence [1] or conclusive evidence of the facts determined. *Seattle-First National Bank v. Cannon*, 26 Wash.App. 922, 927–28, 615 P.2d 1316, 1319–20 (1980).

Courts recognizing this exception have relied on one of two theories. Some courts have held that recovery is barred on the basis of "the public interest which requires that the laws against crime be enforced, and that courts aid no man in any effort he may make to benefit from his own violation of them." *Mineo v. Eureka Security Fire & Marine Insurance Co.*, 182 Pa.Super. at 84, 125 A.2d at 617; *see Imperial Kosher Catering, Inc. v. Traveler's Indemnity Co.*, 73 Mich.App. at 545, 252 N.W.2d at 510. The other theory that has been relied upon is that of collateral estoppel, which prevents the "relitigation of a particular issue or a determinative fact after the party estopped has a full and fair opportunity to present its case in order to promote the policy of ending disputes." *Seattle-First National Bank v. Cannon*, 26 Wash.App. at 927, 615 P.2d at 1320; *see Travelers Insurance Co. v. Thompson*, 281 Minn. 547, 555, 163 N.W.2d 289, 294 (1968).

We believe that the better view is the one adopted in the Pennsylvania case of *Mineo v. Eureka Security Fire & Marine Insurance Co.*, 182 Pa.Super. 75, 125 A.2d 612 (1956).

In *Mineo*, a case similar to the one at bar, the owners of a restaurant destroyed by fire were convicted of having set the fire. Prior to the fire, the restaurant owners assigned their interest in four fire insurance policies to the plaintiff, to whom they owed money. The plaintiff then brought suit against the defendant insur-

ance companies to recover for the damage caused by the fire. *Id.* at 77, 125 A.2d at 613. At trial the defendant introduced records of the insureds' convictions into evidence. *Id.* at 77, 125 A.2d at 614. In admitting the evidence the court held that reason can lead to no other conclusion than "when one is convicted of a felony and subsequently attempts to benefit from the commission, the record of his guilt should be a bar to his recovery." *Id.* at 86, 125 A.2d at 618.

The plaintiffs erroneously rely on *Korsak v. Prudential Property & Casualty Insurance Co.*, R.I., 441 A.2d 832 (1982), in support of their claim that a criminal conviction is not admissible as evidence in a subsequent civil suit in which the truth of the issues underlying the conviction is raised. The case before us, however, is distinguishable from *Korsak*. In *Korsak* we held that the insured's nolo contendere plea, which was followed by a suspended sentence with probation, was not admissible as summary-judgment proof of the facts underlying the conviction. *Id.*, 441 A.2d at 834. Here, unlike in *Korsak*, plaintiffs were convicted by a jury after a trial. Their convictions therefore are substantially different than a nolo plea followed by probation or a deferred sentence. We have held most recently in *State v. Gobern*, R.I., 423 A.2d 1177, 1179 (1981), that a nolo plea is equivalent to a plea of guilty only in respect to the case in which it is pleaded. *See Doughty v. De Amoreel*, 22 R.I. 158, 159, 46 A. 838, 838 (1900).

■ We adopt the reasoning of the Pennsylvania court in *Mineo*. The plaintiffs in the instant case were tried and found guilty on criminal charges arising out of the fire at their home. To allow plaintiffs thereafter to initiate a civil suit against the defendants in an attempt to collect the insurance proceeds for the dam-

---

1. A minority of jurisdictions hold that a judgment of a conviction, where admissible, is only admissible as prima facie evidence. *See, e.g., North River Insurance Co. of New York v. Militello*, 100 Colo. 343, 347, 67 P.2d 625, 626–27

(1937); *Asato v. Furtado*, 52 Haw. 284, 289, 474 P.2d 288, 293 (1970); *Schindler v. Royal Insurance Co.*, 258 N.Y. 310, 314, 179 N.E. 711, 712 (1932).

age caused by the fire while excluding the evidence of their convictions would afford plaintiffs the opportunity to reap the benefits of their crimes. To permit such recovery, we believe, would violate all standards of public policy and defy the administration of justice.

We therefore conclude that the trial justice committed *no error* in admitting into evidence the criminal record of the insureds who were convicted of setting the fire that caused the damage. We are of the opinion that the conviction is a bar to recovery, and the granting of defendant's motion for summary judgment was proper.

## II

Next, we will briefly consider whether the trial justice erred in denying defendants' prayer for punitive damages on the counterclaim.

The defendants moved for entry of judgment on their counterclaim against plaintiffs in their motion for summary judgment. The defendants alleged in their counterclaim that plaintiffs' actions were willful, malicious, and intentional and thus sought punitive damages.

 We have held on several occasions that punitive damages are allowed in tort actions only when it can be shown that the defendant has acted maliciously or in bad faith. *Carvalho v. Coletta*, R.I., 457 A.2d 614, 616 (1983); *Berberian v. New England Telephone and Telegraph Co.*, 117 R.I. 629, 633–34, 369 A.2d 1109, 1112 (1977). Accordingly, one seeking punitive damages must produce "evidence of such willfulness, recklessness or wickedness, on the part of the party at fault, as amount[s] to criminality, which for the good of society and warning to the individual, ought to be punished." *Sherman v. McDermott*, 114 R.I. 107, 109, 329 A.2d 195, 196 (1974) (quoting *Hagan v. Providence & Worcester Railroad Co.*, 3 R.I. 88, 91 (1854)); *Adams v. Lorraine Manufacturing Co.*, 29 R.I. 333, 338, 71 A. 180, 182 (1908). Whether a case is a proper one for the award of punitive damages is a question of law for the court to decide. *Sherman v. McDermott*, 114 R.I. at 108, 329 A.2d at 196; *Kenyon v. Cameron*, 17 R.I. 122, 125, 20 A. 233, 234 (1890). However, even when the court makes a determination that punitive damages may appropriately be awarded, such an award is discretionary with the finder of fact. *Scully v. Matarese*, R.I., 422 A.2d 740, 741 (1980); *Petrone v. Davis*, 118 R.I. 261, 267, 373 A.2d 485, 488 (1977).

After granting the motion for summary judgment with respect to defendants' claim for compensatory damages, the trial justice made a determination that punitive damages should be denied. However, he did not specify his reasons for denying said damages. Therefore, we must speculate whether the trial justice determined as a matter of law that the case was an inappropriate one for the award of punitive damages or whether he inappropriately failed to consider this question.

 Summary judgment is not a proper vehicle for the award of punitive damages in any event. In this case, since criminality has been conclusively established the question of whether punitive damages are to be awarded should be referred to the trier of fact, judge or jury as the case may be.

Therefore, the plaintiffs' appeal is denied and dismissed, the defendants' appeal is sustained, and the case is remanded to the Superior Court for further proceedings in accordance with our instructions.