Bryan L. PERRY

v.

RENT–A–RIDE, INC., William F. Leach and Gary Peterson.

Edderstin THOMAS, Barbara Hazard, and Darlene Hazard

v.

Gary PETERSON and Rent-A-Ride, Inc.

No. 84–27–Appeal.

Supreme Court of Rhode Island.

Feb. 26, 1986.

Robert J. Calvino, William Filippo, Calvino Law Associates, Richard Ciccone, Providence, for plaintiffs.

Barbara Binder, Richard L. Patz, Hines Patz & Wolpert, Inc., Providence, for defendants.

## OPINION

MURRAY, Justice.

This case is before the court on appeal by the plaintiffs, as named and set forth above, from a decision of the trial court granting summary judgment in favor of the defendants, Rent-A-Ride, Inc. (Rent-A-Ride) and William F. Leach (Leach).[1] The issues at bar arose from the following set of facts.

On April 9, 1981, a motor vehicle owned by defendant Rent-A-Ride and rented to defendant Leach was involved in an accident in Providence, Rhode Island. The record indicates that Gary Peterson (Peterson) was operating the vehicle at the time it collided into another vehicle driven by Darlene Hazard with Edderstin Thomas (Thomas) and Barbara Hazard as passengers. Consequently, Bryan L. Perry, a passenger in Peterson's vehicle, as well as the occupants of the Hazard vehicle all claim to have sustained either severe personal injuries or property damage.[2]

On May 7, 1981, and prior to the filing of two civil suits by plaintiffs Perry and Thomas et al., defendant Peterson pleaded nolo contendere to a criminal misdemeanor charge of "driving a vehicle *without consent* of the owner with intent to deprive the owner of possession without intent to steal."[3] On December 23, 1981, plaintiff

Perry filed a civil action against defendants Peterson, Rent-A-Ride, and Leach for injuries he had suffered in the accident. A similar claim was filed in Superior Court by plaintiffs Darlene Hazard, Barbara Hazard, and Thomas on January 25, 1982.

On October 28, 1983, defendants Rent-A-Ride and Leach moved for summary judgment in each of the aforementioned civil suits. These motions were consolidated and heard by the trial justice on November 22, 1983.

The defendants Rent-A-Ride and Leach argue that defendant Peterson's plea of nolo contendere to the criminal misdemeanor "joyriding" charge effectively precludes plaintiffs from establishing the necessary element of consent against either Rent-A-Ride or Leach. Accordingly, Rent-A-Ride and Leach claim that since defendant Peterson had already explicitly stated in his plea to the above criminal charge that he took the vehicle without their consent, they are entitled to summary judgment in both pending civil actions as a matter of law.

The plaintiffs asserted that a nolo contendere plea is not necessarily an admission of guilt regarding the elements of the underlying charge and that other considerations prompted Peterson's decision to plead as he did. The plaintiffs also submitted an affidavit by defendant Peterson dated August 18, 1982, which stated that he had been operating the motor vehicle at the time of the accident with the consent of

1. In order to perfect an appeal from a multiparty suit, there must be an entry of a final judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure. *Catone v. Multimedia Concepts, Inc.,* 483 A.2d 1081, 1082 (R.I. 1984). Rule 54(b) provides, in part, that "when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."* (Emphasis added.)

On December 3, 1985, it was discovered during the course of oral argument that plaintiffs had not secured an entry of final judgment from the trial court on this matter. In spite of this

procedural deficiency, the court exercised its discretion and permitted the parties to proceed provided they would seek to obtain the necessary entry of final judgment following oral argument. Subsequently, entry of final judgment regarding this action on appeal was filed with this court on December 12, 1985.

2. The plaintiff Thomas, owner of the vehicle driven by Darlene Hazard, made no claim for personal injuries and only alleged damage to his car and costs incurred.

3. According to the record, defendant Peterson received a one-week retroactive sentence at the Adult Correctional Institutions.

Rent-A-Ride's lessee, William Leach. The trial judge, however, found that no genuine issue of material fact existed, especially in regard to the consent issue, and granted summary judgment in favor of defendants Rent-A-Ride and Leach. In response to this decision, plaintiffs appealed to this court for relief on December 9, 1983.

Without engaging in a recitation of the principles underlying summary judgment, we find our holding in *Korsak v. Prudential Property & Casualty Insurance Co.*, 441 A.2d 832 (R.I.1982) to be dispositive of this case.[4] In *Korsak* the plaintiffs, Alfred and Joyce Korsak, instituted a civil action to recover on their insurance claim against Prudential, which refused payment. The basis for the denial of payment by Prudential was that Alfred Korsak had pleaded nolo contendere to counts 1 and 3 of a prior four-count criminal insurance-fraud charge arising out of the same facts and circumstances involved in the pending civil suit.[5] Prudential moved for summary judgment with only a certified copy of Alfred Korsak's conviction on counts 1 and 3 of his criminal charge attached to the motion. The trial judge granted the motion, and the Korsaks appealed. We reversed in part the trial court's decision granting summary judgment and held that the insured's nolo contendere plea was not admissible as summary-judgment proof of the facts underlying the conviction.[6] *See Morin v. Aetna Casualty and Surety Co.*, 478 A.2d 964, 966 (R.I.1984) (expounds upon our holding in *Korsak*). We further held that Alfred Korsak's sworn denial of the fact that he had attempted to perpetuate a fraud on the insurance company raised a question of material fact which must be determined at trial. *Korsak*, 441 A.2d at 835.

▪ Similarly, in the case at bar, defendants Rent-A-Ride and Leach used defendant Peterson's nolo plea and conviction on a prior criminal charge as sole support for their summary-judgment motion. We noted in *Korsak* that "[i]t is a widely accepted rule that a conviction upon a plea of nolo contendere is not admissible in evidence in a subsequent civil suit on the same matter as an admission of guilt or as proof that the defendant committed the offense." *Id.* at 834. This court has emphatically stated since the turn of the century that a nolo plea does not establish the fact of guilt for any purpose other than that of the case to which it applies. *Doughty v. De Amoreel*, 22 R.I. 158, 159, 46 A. 838, 838–39 (1900). *See Morin v. Aetna Casualty and Surety Co.*, 478 A.2d at 966 (nolo plea equivalent of guilty plea only in respect to

4. The defendants in their brief attempt to factually distinguish *Korsak v. Prudential Property & Casualty Ins. Co.*, 441 A.2d 832 (R.I.1982) from the case at bar. We acknowledge the fact that in *Korsak* the plaintiff's nolo plea was used by the defendant to secure summary judgment whereas in the present matter defendants utilized the nolo plea of a codefendant to obtain summary judgment against plaintiffs. In both instances, however, the respective defendants attempted to escape liability by presenting another party's conviction based on a nolo plea as evidence of an admission. Consequently, we find the above factual distinction raised by defendants to be immaterial. As a result, we maintain our position that *Korsak* is controlling precedent for the purposes of this case before us.

5. The specific charges involved in the criminal action were:
   Count 1—Attempt to obtain money by false pretenses.
   Count 2—Obtaining money by false pretenses.
   Count 3—Filing a false document.
   Count 4—Filing a false document.
   Initially, Mr. Korsak had pleaded not guilty to all counts, but he later switched his plea to nolo contendere on counts 1 and 3. As a result, he received a two-year suspended sentence with four years' probation on count 1, and a one-year suspended sentence with one year of probation on count 3.

6. According to the facts in *Korsak*, the plaintiffs filed a two-count civil action against Prudential. Count 1 sought damages for breach of the insurance contract by Prudential, and count 2 sounded in tort and sought recovery for an alleged bad-faith refusal to pay the Korsaks' claim. This court affirmed summary judgment as to count 2 based on its decision in *A.A.A. Pool Service & Supply, Inc. v. Aetna Casualty & Surety Co.*, 121 R.I. 96, 395 A.2d 724 (1978). The trial court's decision to grant summary judgment in favor of the insurance company on count 1 was, as mentioned in the text above, reversed by this court.

case in which it is pleaded). Accordingly, we hold that since it is impermissible to use defendant Peterson's nolo plea, there is no other evidence to support the summary judgment that was entered on behalf of defendants Rent-A-Ride and Leach. As a result, the trial judge erred in granting summary judgment in this case. Further, we find that defendant Peterson's sworn assertion of the fact that he had the permission of Rent-A-Ride's lessee, defendant Leach, to operate the vehicle raises a question of material fact that must be determined at trial in the Superior Court.

Since the above holding effectively disposes of this case, we shall not address the other issues raised by the parties before this court.

For these reasons as set forth above, the appeal is sustained. The judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.