DECISION
This case came before the Court on defendant's motion to suspend restitution. After reviewing the memoranda submitted by the parties, the Court will decide the issues raised at this time.
On April 23, 1999, the defendant, James Brady III, entered a plea of Nolo Contendere to Count II of criminal information P2/1999-0612A charging him with selling/concealing/failing to return lease property, to wit, a 1993 Mercedes. As part of that disposition, defendant was placed on a Deferred Sentence and, as a condition of the sentence, agreed to pay restitution in the amount of $36,643.00 At the time of the plea, the victim was identified as BankBoston.
However, at some time after the acceptance of the plea and the entry of judgment, BankBoston was reimbursed by Universal Underwriters. In exchange, the bank assigned Universal Underwriters all of its rights under the restitution order of this Court. Defendant now claims that since the actual victim, BankBoston, has been repaid, that he is relieved of any further restitution payments.
Both sides in this matter have submitted memoranda based on their arguments regarding the ability to assign the restitution order of this Court. However, the Court need not address this issue in a criminal matter.
In the instant case, defendant was charged with a number of felonies punishable by various terms of incarceration. Rather than putting the state to its proof, defendant decided instead to enter into a plea agreement. By doing so, defendant avoided not only incarceration but also a felony conviction under the laws of the State of Rhode Island. However, in order to do so, defendant had to admit sufficient facts to allow the court to accept his plea.
On April 23, 1999, defendant entered his plea and admitted to owing restitution in the amount of $36,643.00. In return, defendant was ordered to pay the restitution and his sentence was deferred pursuant to R.I.G.L. § 12-19-19. In short, defendant admitted the charge contained in Count II, agreed to repay, without interest, the money that was not rightfully his and, in doing so, had any sentencing deferred for a period of five years. By any objective standard, counsel for the defendant concluded a plea agreement extremely advantageous to the defendant. Now, defendant seeks to retain the benefits of the deferred sentence agreement but to avoid the restitution as well.
Defendant argues that to allow the assignment of the restitution order would be contrary to public policy. However, to allow the defendant to avoid the restitution, in effect his part of the bargain in the plea agreement, would be the actual violation of public policy. As a result, defendant would benefit by his admitted wrong doing in the amount of over $36,000.00. Such a result would make a mockery of the criminal justice system.
In the case of Morin v. Aetna Casualty and Surety Company, 478 A.2d 964
(R.I. 1984) our Supreme Court discussed the possibility of plaintiffs in a civil suit benefiting from their crimes and concluded "to permit such recovery would violate all standards of public policy and defy the administration of justice." Likewise, in the case of Aetna Casualty andSurety Company v. Curley, 585 A.2d 640 (R.I. 1991), the Supreme Court ". . . applied the jurisdiction's well-settled policy in concluding that a tortfeasor should not benefit from his or her own wrongdoing...." The same public policy objective applies in the instant case. As Justice Benjamin Cardozo said, "Justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament.. . . We must keep the balance true."
In order to "keep the balance true" in the instant case, the issue of the ability to assign a restitution order is not controlling. Here, the restitution was agreed to between the defendant and the State of Rhode Island. Defendant admitted that he gained $36,643.00 to which he was not entitled and agreed to repay the amount in minimum monthly installments of $625.00 in return for a deferred sentence. The sentence imposed did not specify the name of the victim It is not unusual at the time of sentence to leave the determination of the name of the victim and indeed the amount of restitution up to the Probation Department or the Supreme Court Central Registry. This Court, however, has long followed the directive of the Presiding Justice to determine the amount of restitution due as well as a minimum monthly payment schedule.
For the defendant to profit from his wrongdoing would be the real violation of public policy. This Court will therefore instruct the Supreme Court Central Registry to forward the restitution to the actual victim in this case, Universal Underwriters, rather than BankBoston. As a result of this order, defendant will remain in exactly the same position as on the day of the original plea.
Counsel will prepare an order consistent with the provisions of this decision.